[Cite as *State v. May*, 2011-Ohio-6647.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 96362 and 96421**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## GLEN MAY

DEFENDANT-APPELLANT

## JUDGMENT:
## SENTENCE MODIFIED; REMANDED FOR CORRECTION

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-519564 and CR-524278

**BEFORE:** Sweeney, J., Kilbane, A.J., and Cooney, J.

**RELEASED AND JOURNALIZED:** December 22, 2011

**ATTORNEY FOR APPELLANT**

Ruth Fischbein-Cohen, Esq.
3552 Severn Road, Suite 613
Cleveland Hts., Ohio 44118

Glen May, Pro Se
No. 571-873
Trumbull Correctional Inst.
P.O. Box 901
Leavittsburg, Ohio 44430

**ATTORNEYS FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: Brent C. Kirvel, Esq.
Assistant Prosecuting Attorney
The Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, J.:

{¶ 1} Defendant-appellant, Glen May ("defendant"), appeals from the re-sentencing hearing conducted by the trial court pursuant to this court's decision in *State v. May*, Cuyahoga App. No. 94075, 2010-Ohio-5841 ("*May I*"). For the reasons that follow, we modify the sentence and remand for correction of the journal entry.

{¶ 2} In CR-519564, defendant was convicted of kidnapping, rape, disseminating matter harmful to juveniles, and multiple counts of gross sexual imposition. In CR-524278, defendant was convicted of two counts of rape, two counts of gross sexual

imposition, and two counts of kidnapping. Several of the convictions included sexual motivation specifications as well as sexual violent predator specifications.

{¶ 3} In *May I*, this court remanded for resentencing with instructions to merge certain of defendant's convictions and to properly inform defendant of postrelease control. Id. at ¶49. Defendant's convictions and judgment were otherwise affirmed. Id.

{¶ 4} The trial court conducted the resentencing hearing on January 13, 2011 where it addressed the directives of this court. The court and counsel engaged in detailed discussions concerning the application and imposition of postrelease control with reference to an indefinite sentencing term mandated by his conviction.

{¶ 5} In CR-519564, the court imposed a prison term of 25 years to life on Count 2, a one-year prison term on Count 3, and five-year prison terms on Counts 4, 5, and 6. The court merged count 1 with Count 2 and ordered that all terms of imprisonment be served concurrently. The court further advised that defendant was subject to postrelease control "for life." We note this was consistent with defense counsel's statements that if defendant "were to be released early on postrelease control, that the parole authority would have control or jurisdiction over him for the rest of his natural life." In CR-524278, the court imposed ten year prison terms on Counts 1 and 2; 18-month prison terms on Counts 3 and 4. The court merged defendant's convictions on Counts 5 and 6 with Counts 1 and 2. All terms of imprisonment were ordered to be served concurrently. The court imposed postrelease control for life and further "advised that if postrelease control supervision is imposed following his release from prison and if he violates that supervision

or condition of postrelease control under R.C. 2967.131(B), the parole board may impose a prison term as part of the sentence up to one-half of the stated prison term originally imposed upon the offender." Defendant appealed in both cases, which have been consolidated for our review.

{¶ 6} "Assignment of Error I: The court erred when it imposed packaged sentences."

{¶ 7} Defendant relies on *State v. Saxon*, 109 Ohio St.3d 176, 2006-Ohio-1245, 846 N.E.2d 824, and contends the trial court "grouped" the offenses and packaged them in one sentence. The record establishes that the trial court did not impose a group or packaged sentence but rather ordered defendant to serve the separate sentences it had imposed for each offense concurrently. Accordingly, this assignment of error is overruled.

{¶ 8} "Assignment of Error II: The court erred when it explained to Glen May the postrelease control time lengths."

{¶ 9} The trial court originally advised defendant he would be subject to five years of postrelease control, and defendant argued on appeal that the trial court had not properly advised him of the consequences for violating it. In *May I*, this court instructed the trial court to advise defendant of the possible penalties for violating postrelease control, which the trial court did during the resentencing.

{¶ 10} Defendant now objects that the trial court misadvised him that he would be subject to life-time postrelease control. In this case, defendant's multiple convictions

subjected him to a five-year mandatory period of postrelease control. See R.C. 2967.28(F)(4)(c); see, also, *State ex rel. Carnail v. McCormick*, 126 Ohio St.3d 124, 2010-Ohio-2671, 931 N.E.2d 110, ¶14 (postrelease control must be imposed upon a defendant who receives an indefinite sentence of life in prison with parole eligibility for a rape conviction).

{¶ 11} Where the trial court errs in its imposition of postrelease control, the re-sentencing hearing is limited to the proper imposition of postrelease control. *State v. Fisher*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶29. Further, the Ohio Supreme Court has noted that "a remand is just one arrow in the quiver. R.C. 2953.08(G)(2) also provides that an appellate court may 'increase, reduce or otherwise modify a sentence * * * or may vacate the sentence and remand the matter to the sentencing court for resentencing.' Correcting a defect in a sentence without a remand is an option that has been used in Ohio and elsewhere for years in cases in which the original sentencing court, as here, had no sentencing discretion." Id. This court has exercised the authority to modify a sentence under similar circumstances. E.g., *State v. Falkenstein*, Cuyahoga App. No. 96659, 2011-Ohio-5188, ¶15.

{¶ 12} Accordingly, we sustain this assignment of error, and pursuant to R.C. 2953.08(G)(2), we modify defendant's postrelease control term to reflect "a mandatory term of five years postrelease control" and remand with instructions to correct the sentencing journal entry.

**{¶ 13}** "Assignment of Error III: The court erred when it did not specify which specific crime is merging into the other."

**{¶ 14}** Contrary to defendant's belief, the trial court properly merged the kidnapping convictions into the related rape convictions, as elected by the state, and in compliance with *May I.* This assignment of error is overruled.

**{¶ 15}** Sentence is modified and remanded as stated. Upon remand, the trial court is instructed to correct the sentencing journal entry to reflect the proper period of mandatory postrelease control, i.e., five years, along with the consequences for violating provisions of postrelease control.

It is ordered that appellant recover from appellee his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


JAMES J. SWEENEY, JUDGE

MARY EILEEN KILBANE, A.J., CONCURS
COLLEEN CONWAY COONEY, J., DISSENTS. (SEE ATTACHED DISSENTING OPINION).

COLLEEN CONWAY COONEY, J., DISSENTING:

{¶ 16} I regrettably must dissent. The trial court failed to comply with our mandate and proceeded to commit new errors on resentencing. In *May I*, this court found two errors by the trial court: failure to specify that additional prison time could be imposed if May violated the mandatory five-year term of postrelease control, and failure to merge the kidnapping counts with the rape counts in both cases by allowing the state to elect which allied offense it will pursue. Id. at ¶42, 47, 49. We remanded for resentencing consistent with our opinion.

{¶ 17} Unfortunately, the trial court's journal entry in Case No. CR-524278 contains a five-year sentence on Counts 5 and 6, the kidnapping counts, although the transcript of the resentencing makes no mention of a sentence being imposed for kidnapping. And in Case No. CR-519564, the court sentenced May to ten years to life on the kidnapping charge, Count 1, and then attempted to merge it into Count 2, the rape count. Furthermore, the transcript of the resentencing includes no statement by the prosecutor indicating which allied offense he wished to pursue.

{¶ 18} Finally, the court failed to mention that the postrelease control term is a mandatory five years, as we found to be proper in *May I*. ¶42. The court, however, did inform May that if he violated postrelease control, he faced an additional 12½ years in prison, which did comply with this court's mandate at ¶42.

{¶ 19} Unfortunately, I would order another resentencing due to the error in imposing a sentence for kidnapping. As we directed the court in *May I*, at the new sentencing hearing, "the state must elect which allied offense it will pursue" and "the trial

court shall 'accept the state's choice and merge the crimes into a single conviction for sentencing.' *State v. Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, ¶24-25." Id. at ¶47.