[Cite as *State v. May*, 2012-Ohio-3072.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### Nos. 96362 and 96421

# STATE OF OHIO

### PLAINTIFF-APPELLEE

### vs.

# GLEN MAY

### DEFENDANT-APPELLANT

## JUDGMENT:
## APPLICATION DENIED

Cuyahoga County Common Pleas Court
Case Nos. CR-519564 and CR-524278
Application for Reopening
Motion No. 455119

**RELEASE DATE:**    July 2, 2012

**FOR APPELLANT**

Glen May, Pro Se
No. 571-873
Trumbull Correctional Institution
P.O. Box 901
Leavittsburg, Ohio 44430


**ATTORNEYS FOR APPELLEE**

William D. Mason, Esq.
Cuyahoga County Prosecutor
By: Brent Kirvel, Esq.
        James M. Price,Esq.
Assistant Prosecuting Attorneys
8th Floor, Justice Center
1200 Ontario Street
Cleveland, Ohio 44113

JAMES J. SWEENEY, J.:

**{¶1}** On May 16, 2012, the applicant, Glen May, pursuant to App.R. 26(B), applied to reopen this court's judgment in *State v. May*, 8th Dist. Nos. 96362 and 96421, 2011-Ohio-6647, in which this court ordered that sentencing be modified and remanded for correction. May claims that his appellate counsel was ineffective for not arguing trial counsel's waiver of May's right to a speedy trial in violation of Ohio law. For the following reasons, this court denies the application.

**{¶2}** App.R. 26(B)(1) and (2)(b) require applications claiming ineffective assistance of appellate counsel to be filed within 90 days from journalization of the decision unless the applicant shows good cause for filing at a later time. In the present case, this court journalized its decision on December 22, 2011, and May did not file his application for reopening until May 16, 2012. Therefore, because the period between this court's journalization and the filing of the application totals 146 days, the application is untimely on its face.

**{¶3}** States "may erect reasonable procedural requirements for triggering the right to an adjudication." *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 437, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982). Ohio has done so by creating a 90-day deadline for the filing of applications to reopen. *State v. Gumm*, 103 Ohio St.3d 162, 2004-Ohio-4755, 814 N.E.2d

861. Consistent enforcement of the rule's deadline by the appellate courts in Ohio protects, on the one hand, the state's legitimate interest in the finality of its judgments and ensures, on the other hand, that any claims of ineffective assistance of appellate counsel are promptly examined and resolved. *Id.* at ¶ 7.

{**¶4**}  May makes no effort in his application for reopening pursuant to App.R. 26(B) to show good cause for his failure to file his application within the time limit set by the rule. Instead, May simply argues the ineffectiveness of his appellate counsel without offering a sound reason why he could not comply with the 90-day fundamental requirement. May seems to confuse this court's order and journalization with the trial court's order reinstating the case for remand on February 22, 2012 in regards to the timing requirement. However, that does not provide good cause. Thus, his application is untimely and without good cause.

{**¶5**}  Additionally, May failed to comply with App.R. 26(B)(2)(d), which requires the applicant to file a sworn statement of error explaining the manner in which counsel's deficiency affected the outcome of the case. May's application contains no such sworn affidavit and is thus denied.

{**¶6**}  Accordingly, this court denies the application to reopen.

---

JAMES J. SWEENEY, JUDGE

MARY EILEEN KILBANE, P.J., and
COLLEEN CONWAY COONEY, J., CONCUR