[Cite as *State v. Cvijetinovic*, 2013-Ohio-3251.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99316**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# ALEKSANDA CVIJETINOVIC

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CR-368579

**BEFORE:** Keough, J., Boyle, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**   July 25, 2013

**ATTORNEY FOR APPELLANT**

Edward M. Graham
13363 Madison Avenue
Lakewood, Ohio 44107

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Kristen L. Sobieski
        Joseph J. Ricotta
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

KATHLEEN ANN KEOUGH, J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. The purpose of an accelerated appeal is to allow the appellate court to render a brief and conclusory opinion. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983); App.R. 11.1(E).

{¶2} Defendant-appellant, Aleksanda Cvijetinovic, appeals the trial court's decision ordering a term of postrelease control to his sentence. For the reasons that follow, we remand the case to the trial court to enter a nunc pro tunc sentencing journal entry to reflect the imposition of postrelease control that was ordered at the 2003 resentencing hearing.

{¶3} In 1999, following a plea, Cvijetinovic was sentenced on three separate cases. In CR-368577, he was sentenced to "4 years consecutive to CR-368579, and concurrent to Case No. 368578 * * *." In CR-368578, he was ordered to serve a total prison term of 7 years — "6 years on each Counts 1 and 2, concurrent, with 1 year firearm specification on Count 1 to run consecutive and prior to Counts 1 and 2 * * *." And in CR-368579, he was ordered to serve a total of twelve years in prison — "9 years on each of counts 1 and 2 (concurrent) with 3 years on gun specification on Count 1 to run consecutive and prior to Counts 1 and 2 * * *."

{¶4} Cvijetinovic appealed his guilty pleas and sentence. In *State v. Cvijetinovic*, 8th Dist. Cuyahoga No. 81534, 2003-Ohio-536, this court upheld his guilty pleas, but

found the trial court did not make the necessary findings to support consecutive sentences; thus, we reversed his sentences and remanded for resentencing.

{¶5} In 2003, the trial court conducted a resentencing hearing pursuant to this court's order. It also considered Cvijetinovic's motion to withdraw his guilty plea, which it ultimately denied. At resentencing, the trial court imposed the same aggregate prison sentence as previously ordered in 1999. The trial court again sentenced Cvijetinovic to four years in CR-368577, to run consecutive to CR-368579 and concurrent with CR-368578. In CR-368578, the court again sentenced Cvijetinovic to a total prison term of seven years — "1 year on firearm specifications as to each of Counts 1 and 2 to run prior to and consecutively to 6 years on underlying charges in Counts 1 and 2, counts to run concurrently with each other." Finally, in CR-368579, the court reimposed the 12 year sentence — "3 years on firearm specifications as to each of Counts 1 and 2 to run prior to and consecutively to 9 years on underlying charges in Counts 1 and 2, counts to run concurrently with each other but consecutively to CR-368577."

{¶6} The transcript reveals that at the end of the resentencing hearing the trial court advised Cvijetinovic that he would be subject to a mandatory term of five years postrelease control; however, the trial court failed to include the order of postrelease control in the sentencing journal entries. Cvijetinovic again appealed, challenging the denial of his motion to withdraw his guilty pleas and his sentence. In *State v. Cvijetinovic*, 8th Dist. Cuyahoga No. 82894, 2003-Ohio-7071, this court affirmed the trial court's decision denying the motion to withdraw his guilty pleas and upheld his sentence.

{¶7} In 2011, the trial court received notification from the Ohio Department of Rehabilitation and Correction that postrelease control was not imposed on Cvijetinovic at the time of resentencing. Accordingly, the trial court conducted a video conference hearing on May 12, 2011, to order postrelease control. At the hearing, the trial court advised Cvijetinovic that he had served his sentences on both cases — CR-368577 and 368578 and therefore, postrelease control would be imposed only on CR-368579. Cvijetinovic contested that his 12-year sentence on CR-368579 was completed (including all mandatory time for firearm specifications), and he was now serving his remaining four-year sentence on CR-368577. The trial court disagreed, reasoning that Cvijetinovic's sentences were served based on the order of the case numbers — the lowest case number was served first. The court then advised Cvijetinovic that he was subject to five years mandatory postrelease control in CR-368579 because he was convicted of first-degree felonies. Cvijetinovic did not file a direct appeal regarding the imposition of postrelease control.

{¶8} In October 2012, Cvijetinovic moved to vacate the imposition of postrelease control, contending that (1) the trial court imposed a period of postrelease control on a sentence that was completed, and (2) he was not physically present in the courtroom for the hearing.

{¶9} The trial court denied his motion. Cvijetinovic now appeals contending in his sole assignment of error that the trial court erred and violated his constitutional rights by adding postrelease control to his sentence after his sentence had already been served.

The state contends that Cvijetinovic's appeal is barred by res judicata or, in the alternative, that the imposition of postrelease control was proper.

{¶10} After a thorough review of the entire record, we find that the trial court advised Cvijetinovic that he was subject to a mandatory term of five years postrelease control at the 2003 sentencing hearing, but failed to include the condition in the sentencing journal entry. This omission can be corrected nunc pro tunc. *See State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 14; *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, syllabus ("When a defendant is notified about postrelease control at the sentencing hearing, but notification is inadvertently omitted from the sentencing entry, the omission can be corrected with a nunc pro tunc entry and the defendant is not entitled to a new sentencing hearing."); *State v. Murray*, 2012-Ohio-4996, 979 N.E.2d 831, ¶ 23 (6th Dist.) (nunc pro tunc correction of judgment on issue of postrelease control permissible even after offender served his sentence and released from prison)  In 2003, Cvijetinovic's 12-year sentence on the first degree felonies in CR-368579 had yet to be completed. Therefore, the advisement of five years of mandatory postrelease control was proper.

{¶11} Accordingly, Cvijetinovic's assignment of error is overruled. Judgment affirmed, but case remanded to the trial court to correct the 2003 sentencing journal entry by nunc pro tunc entry to reflect the imposition of the mandatory term of five years postrelease control on Case No. CR-368579.

It is ordered that the parties share the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR