[Cite as *State v. Falkenstein*, 2013-Ohio-5315.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99670**

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# DONALD FALKENSTEIN

DEFENDANT-APPELLANT

## JUDGMENT:
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-434255

**BEFORE:** McCormack, J., Stewart, A.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** December 5, 2013

**ATTORNEY FOR APPELLANT**

David L. Doughten
The Brownhoist Building
4403 St. Clair Avenue
Cleveland, OH 44103


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Adam M. Chaloupka
Assistant County Prosecutor
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH 44113

TIM McCORMACK, J.:

{¶1} This is the third time Donald Falkenstein appeals his conviction of rape of a child under the age of 13. In this appeal, he claims the trial court erred by resentencing him without a hearing. Finding no merit to his claim, we affirm the judgment of the trial court.

{¶2} In 2003, Falkenstein was convicted of 41 counts of rape of a child under the age of 13. The trial court sentenced him to consecutive life terms in prison, with the parole eligibility after 20 years. This court affirmed Falkenstein's conviction, in *State v. Falkenstein*, 8th Dist. Cuyahoga No. 83316, 2004-Ohio-2561 ("*Falkenstein I*").

{¶3} In October 2010, Falkenstein filed a pro se "motion to set aside/vacate or in the alternat[ive] resentence him on an otherwise void sentence." He argued his sentence was void because the trial court failed to advise him of the mandatory five years of postrelease control and of the consequences of a postrelease control violation — in the 2003 sentencing entry, the trial court stated postrelease control was part of Falkenstein's prison sentence "for the maximum period allowed for the above felony(s) under R.C. 2967.28," without specifying that it would be a mandatory five-year term. In addition, the journal entry did not mention the consequences of a postrelease-control violation.

{¶4} The trial court denied Falkenstein's motion to set aside/vacate, and he appealed that decision. In his (second) appeal, *State v. Falkenstein*, 8th Dist. Cuyahoga No. 96659, 2011-Ohio-5188, ("*Falkenstein II*"), we noted that Falkenstein did not file a

transcript of the sentencing hearing with this court, nor did he request one; in fact, he stated a transcript was not necessary. Therefore, we determined that we must presume that Falkenstein was properly advised at his sentencing hearing regarding his postrelease control.

{¶5} We determined, however, that the sentencing entry was defective because the trial court did not specifically notify him of the mandatory five-year term of postrelease control for his first-degree sex offense, nor the consequences of a violation. The main issue in the second appeal was *how* the defect in the sentencing entry should be corrected by the trial court.

{¶6} Falksenstein argued he was entitled to a de novo sentencing hearing. We rejected that claim, citing *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. *Fischer* held that "[t]he new sentencing hearing to which an offender is entitled * * * is limited to proper imposition of postrelease control," not a de novo sentencing hearing. *Fischer* at paragraph two of the syllabus.

{¶7} Moreover, quoting the *Fischer* court's observation that remand for resentencing "is just one arrow in the quiver," *id*. at ¶29, we interpreted *Fischer* as permitting a correction of the sentencing entry without a remand for a (limited) hearing, where a defendant had been notified of postrelease control at the sentencing hearing. "Correcting the defect without remanding for resentencing can provide an equitable, economical, and efficient remedy for a void sentence." *Id*. at ¶30.

**{¶8}** As a result, exercising our authority under R.C. 2953.08(G)(2), which allows an appellate court to "increase, reduce or otherwise modify a sentence," we modified and corrected Falkenstein's postrelease control from "the maximum period allowed * * * under R.C. 2967.28" to "a mandatory term of five years postrelease control." *Falkenstein II*. We instructed the trial court to, upon remand, correct the sentencing entry to reflect the proper period of mandatory postrelease control, i.e., five years, and further, to include the consequences for violating the provisions of postrelease control. *Id.* at ¶ 16. *See also State v. May*, 8th Dist. Cuyahoga Nos. 96362 and 96421, 2011-Ohio-6647, ¶ 12 (judgment modified to reflect a mandatory five-year term of postrelease control and case remanded with instructions to correct the sentencing entry).

**{¶9}** Falkenstein did not appeal our decision in *Falkenstein II* to the Supreme Court of Ohio, and upon remand, the trial court followed our directives — in a December 21, 2011 judgment entry, the court corrected the sentencing entry to reflect a notice of the mandatory term of five years of postrelease control, and also of the consequences of a violation.

**{¶10}** Falkenstein filed a delayed appeal challenging that judgment. This court granted leave for the delayed appeal.

**{¶11}** In this (third) appeal, Falkenstein's sole assignment of error states: "The trial court erred by re-sentencing the defendant without a hearing in which the defendant was present and represented by counsel."

**{¶12}** When a case is remanded, a lower court must "carry the mandate of the upper court into execution and not consider the questions which the mandate laid at rest." *State v. Carlisle*, 8th Dist. Cuyahoga No. 93266, 2010-Ohio-3407, ¶ 16, citing *Sprague v. Ticonic Natl. Bank*, 307 U.S. 161, 168, 59 S.Ct. 777, 83 L.Ed. 1184 (1939). When the mandate leaves nothing to decide, the lower court is bound to execute it. *Id.* citing *Sprague*.

**{¶13}** Here, on remand from *Falkenstein II*, the trial court followed our instructions and issued a corrected sentencing entry. In this third appeal, Falkenstein is essentially challenging our holding in *Falkenstein II* — that the lack of a proper postrelease advisement in the judgment entry can be remedied by a corrected judgment entry reflecting the proper imposition of postrelease control.

**{¶14}** Filing an appeal from the trial court's judgment that merely carried out our mandate is not the proper procedural vehicle for having this court reconsider its prior decision. To properly challenge our holding in *Falkenstein II*, Falkenstein should have appealed our decision in *Falkenstein II* to the Supreme Court of Ohio. He did not.

**{¶15}** Furthermore, even if, for argument's sake, we were to reconsider our decision in *Falkenstein II*, we note that after this court issued *Falkenstein II*, the Supreme Court of Ohio, in *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, specifically approved the use of a nunc pro tunc order to correct a flawed sentencing entry that had omitted proper postrelease control notification, where the notification had been given at the sentencing hearing. This case falls into that category, because of a

presumption of regularity that arises from a lack of demonstration otherwise by the appellant, as we noted in *Falkenstein II*.

**{¶16}** Since the 2012 *Qualls* decision, this court has consistently applied *Qualls* to allow the use of a nunc pro tunc entry to correct a defective sentencing entry. *See, e.g.*, *State v. Cvijetinovic*, 8th Dist. Cuyahoga No. 99316, 2013-Ohio-3251 (the trial court properly advised a defendant of postrelease control at the sentencing hearing, but failed to include it in the sentencing journal entry, and the omission can be corrected nunc pro tunc); *State v. Robinson*, 8th Dist. Cuyahoga No. 97951, 2012-Ohio-5506 (the sentencing entry did not mention postrelease control, and this court remanded the matter for a nunc pro tunc entry to reflect the proper imposition of postrelease control); *State v. Williamson*, 8th Dist. Cuyahoga No. 99473, 2013-Ohio-3733, ¶ 17 (where a defendant failed to demonstrate a deficient postrelease control notification at the sentencing hearing but the judgment entry omitted a full notification, the defendant was not entitled to a new sentencing hearing and a nunc pro tunc entry may be used to correct any omission).

**{¶17}** In *Falkenstein II*, we modified appellant's sentence and remanded the case for the trial court to correct the sentencing entry. Although we did not specifically use the term "nunc pro tunc," our instructions regarding the trial court's duty on remand is consistent with *Qualls*.

**{¶18}** Falkenstein's assignment of error lacks merit. The judgment of the trial court is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
TIM McCORMACK, JUDGE

MELODY J. STEWART, A.J., and
PATRICIA ANN BLACKMON, J., CONCUR