[Cite as *State v. Fairfield*, 2014-Ohio-3417.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 100538

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**MATTHEW FAIRFIELD**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-10-543012

**BEFORE:**   Stewart, J., Boyle, A.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:**   August 7, 2014

**ATTORNEY FOR APPELLANT**

Marcus S. Sidoti
Jordan & Sidoti, L.L.P.
50 Public Square, Suite 1900
Cleveland, OH    44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Christopher D. Schroeder
Assistant County Prosecutor
The Justice Center
1200 Ontario Street, 9th Floor
Cleveland, OH    44113

MELODY J. STEWART, J.:

{¶1} Defendant-appellant Matthew Fairfield was found guilty of various counts of illegally harboring explosive devices in his home. In his first appeal, he argued in part that the trial court erred in failing to merge allied offenses when sentencing him. We reversed the judgment of the trial court on this issue and remanded the matter for resentencing. In this appeal, Fairfield argues that the trial court again erred by failing to follow our mandate and properly merge all of his convictions into a single offense at sentencing. For the reasons that follow, we find no error and affirm the judgment of the trial court.

{¶2} In 2010, Fairfield's estranged wife, acting as a confidential informant, gave police information that Fairfield was harboring explosive devices and weapons in the marital home and at another property. Fairfield presumably had stolen the devices and weapons while he was in the military. The police obtained a search warrant, seized the items, and arrested Fairfield.

{¶3} Fairfield was indicted on 97 counts of unlawful possession of dangerous ordnance, receipt of stolen property, possession of criminal tools, failure to secure dangerous ordnance, perjury, and pandering obscenity involving child pornography. Fairfield filed a motion to suppress the evidence found at both locations. He argued that his wife was not a credible informant, spousal privilege prevented his

wife from giving information to the police, and the search warrant was based on false and misleading evidence. The trial court denied the motion. Fairfield later entered a plea of no contest to 14 of the counts, and the state dismissed the remaining counts. The trial court found Fairfield guilty and merged several of the counts finding that they were allied offenses. He was sentenced to 16 years in prison.

{¶4} Fairfield appealed his conviction in *State v. Fairfield*, 8th Dist. Cuyahoga No. 97466, 2012-Ohio-5060 (*"Fairfield I"*). In three assignments of error, he argued that the trial court improperly denied his motion to suppress, that the court erred by imposing consecutive sentences, and that the court failed to merge all of the allied offenses for purposes of sentencing. We found merit to Fairfield's third assigned error relating to allied offenses, vacated his sentence, and remanded the case for resentencing.

{¶5} At the sentencing hearing, the trial court merged all counts of possession of dangerous ordnance, possession of criminal tools, and receiving stolen property relating to each type of explosive device. Nine of the 14 counts Fairfield was convicted of were run consecutively. He was sentenced to a total of nine years in prison.

{¶6} In this appeal, Fairfield argues that on remand the trial court failed to comply with the mandate of this court in *Fairfield I*. In particular, he argues that

the court improperly sentenced him to nine consecutive sentences when, with the exception of a jar of napalm, all the explosive devices were contained in one of two Pelican cases or containers found at the two properties. Fairfield argues that all the convictions for possession reflecting the devices found within the two containers are allied offenses, and therefore the trial court should have only sentenced him once for these convictions.

{¶7} When a case is remanded, a lower court must "carry the mandate of the upper court into execution and not consider the questions which the mandate laid at rest." *State v. Falkenstein*, 8th Dist. Cuyahoga No. 99670, 2013-Ohio-5315, _ 12, citing *State v. Carlisle*, 8th Dist. Cuyahoga No. 93266, 2010-Ohio-3407, ¶ 16; *see Sprague v. Ticonic Natl. Bank*, 307 U.S. 161, 168, 59 S.Ct. 777, 83 L.Ed. 1184 (1939). When the mandate leaves nothing to decide, the lower court is bound to execute it. *Carlisle*, citing *Sprague*.

{¶8} In *Fairfield I*, we held that while the trial court properly merged the category of offenses for the items that were the same (for example, the court properly merged all counts of possession of a dangerous ordnance relating to four detonation cords), we found error where the court sentenced Fairfield for possession of a dangerous ordnance, possession of criminal tools, and receiving stolen property regarding these same counts. We determined that Fairfield's receiving the stolen property also resulted in his unlawfully possessing a dangerous

ordnance and possessing a criminal tool. *Id*. at _ 26. With this analysis, we reversed and vacated Fairfield's sentence as to those similar charges and remanded the matter for resentencing.

{¶9} R.C. 2941.25 provides:

A. Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

B. Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶10} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, 942 N.E.2d 1061, ¶ 43, the Ohio Supreme Court determined:

The purpose of merging allied offenses of similar import is as follows: It has been consistently recognized that the purpose of R.C. 2941.25 is to prevent shotgun convictions, that is, multiple findings of guilt and corresponding punishments heaped on a defendant for closely related offenses arising from the same occurrence. This is a broad purpose and ought not to be watered down with artificial and academic equivocation regarding the similarities of the crimes. When in substance and effect but one offense has been committed, a defendant may be convicted of only one offense.

**{¶11}** Pursuant to *Johnson*, there is a two-part test focusing on the defendant's conduct in order to determine whether offenses are allied offenses of similar import under R.C. 2941.25. The first portion of the analysis focuses on "whether it is possible to commit one offense and commit the other with the same conduct * * *." *Id*. at ¶ 48. It is not required that the commission of one offense will always result in the commission of the other. *Id*. Rather, the question is whether it is possible for both offenses to be committed by the same conduct. *Id*. Conversely, if the commission of one offense will never result in the commission of the other offense, the offenses will not merge. *Id*. at ¶ 51.

**{¶12}** In support of his argument for merger into a single count for all the devices found in both containers, Fairfield points to the following statements made by this court in *Fairfield I*:

> Here, there is no indication that Fairfield was acquiring the materials for separate purposes, or had a separate intent or motive in having the materials. Therefore, the offenses were all committed with the same animus.
>
> * * *
>
> [W]e find that under the facts of this case, possession of a dangerous ordnance, possession of criminal tools, and receiving stolen property are allied offenses of similar import that must be merged. Accordingly, we reverse and vacate Fairfield's sentence as to those charges and remand for a new sentencing hearing on the offense that remains after the state selects which allied offense to pursue. (Citation omitted.)

*Fairfield I* at _ 28-29.

{¶13} These statements from *Fairfield I* are taken out of context. The statements pertained only to the charges of receipt of stolen property and possession of criminal tools as being allied to the possession of dangerous ordnance charge for each particular type of explosive device found in each of the containers. Nowhere in the language of *Fairfield I* did we determine that each one of the explosive devices found at the locations should merge into a single offense.

{¶14} Reviewing courts have rejected similar arguments relating to multiple count indictments for possession of dangerous ordnance. In *State v. Lewis*, 2d Dist. Greene No. 96 CA 12, 1997 Ohio App. LEXIS 1316 (Apr. 4, 1997), the Second District found unpersuasive the defendant's argument that his two convictions for unlawful possession of a dangerous ordnance in violation of R.C. 2923.17 should have merged because in the statute, the term "ordnance" is plural. The court looked to R.C. 2923.11(K) defining dangerous ordnance and found that because this definition describes numerous single items that the legislature has denoted as dangerous ordnance, the term "ordnance" potentially could describe several items as well as a single item. Therefore, the term "ordnance" relating to more than one item does not equate to a finding that the defendant may only be convicted of possessing one. *Id*. at ¶ 12.

**{¶15}** This case is analogous to cases where the defendant was sentenced on multiple counts of drug possession for different types of drugs in the same container or found at the same location. In *State v. Heflin*, 6th Dist. Lucas No. L-11-1173, 2012-Ohio-3988, the defendant was found guilty of one count of possessing cocaine and one count of possessing heroin. The convictions arose from a single incident where the defendant offered to sell drugs to an undercover police officer. The defendant appealed his convictions stating he was improperly sentenced on both offenses where the heroin and the cocaine were found in the same plastic bag at the time of his arrest. *Id*. at _ 9. The Sixth District affirmed the trial court's judgment and held that "convictions for simultaneous possession of cocaine and heroin are not subject to merger as allied offenses of similar import under R.C. 2941.25." *Id*. at ¶ 14. *See also State v. Huber*, 2d Dist. Clark No. 2010-CA-83, 2011-Ohio-6175 (defendant's multiple convictions arising from possession of the methadone, hydrocodone, oxycodone, acetaminophen with codeine, and fentanyl found in the same suitcase were not found to be allied offenses).

**{¶16}** Fairfield's argument for merger of all convictions relating to each different type of explosive device into one conviction is unpersuasive. We find the trial court properly carried out the mandate of *Fairfield I*.

**{¶17}** Judgment affirmed.

It is ordered that appellee recover of appellant its costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
MELODY J. STEWART, JUDGE

MARY J. BOYLE, A.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR