[Cite as *State v. Cvijetinovic*, 2013-Ohio-5121.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 99316**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ALEKSANDA CVIJETINOVIC

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No.   CR-368579

**BEFORE:**   Keough, J., Boyle, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**     November 21, 2013

**ATTORNEY FOR APPELLANT**

Edward M. Graham
13363 Madison Avenue
Lakewood, Ohio 44107


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Kristen L. Sobieski
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio   44113

ON RECONSIDERATION[1]

KATHLEEN ANN KEOUGH, J.:

{¶1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1. The purpose of an accelerated appeal is to allow the appellate court to render a brief and conclusory opinion. *Crawford v. Eastland Shopping Mall Assn.*, 11 Ohio App.3d 158, 463 N.E.2d 655 (10th Dist.1983); App.R. 11.1(E).

{¶2} Defendant-appellant, Aleksanda Cvijetinovic, appeals from the trial court's order denying his motion to vacate postrelease control. For the reasons that follow, we reverse and remand for the trial court to impose a three-year term of postrelease control under CR- 368577.

{¶3} In 1999, following a plea, Cvijetinovic was sentenced on three separate cases. In CR-368577, he was sentenced to "4 years consecutive to CR-368579, and concurrent to Case No. 368578 * * *." In CR-368578, he was ordered to serve a total prison term of 7 years — "6 years on each Counts 1 and 2, concurrent, with 1 year firearm specification on Count 1 to run consecutive and prior to Counts 1 and 2 * * *." And in CR-368579, he was ordered to serve a total of twelve years in prison — "9 years on each of counts 1 and

---

[1]The original decision in this appeal, *State v. Cvijetinovic*, 8th Dist. Cuyahoga No. 99316, 2013-Ohio-3251, released July 25, 2013, is hereby vacated. This opinion, issued upon reconsideration, is the court's journalized decision in this appeal. *See* App.R. 22(C); *see also* S.Ct.Prac.R. 7.01.

2 (concurrent) with 3 years on gun specification on Count 1 to run consecutive and prior to Counts 1 and 2 * * *."

{¶4} Cvijetinovic appealed his guilty pleas and sentence. In *State v. Cvijetinovic*, 8th Dist. Cuyahoga No. 81534, 2003-Ohio-536, this court upheld his guilty pleas, but found the trial court failed to consider whether Cvijetinovic was entitled to the minimum sentence because he had not previously served a prison term. Therefore, this court reversed his sentences and remanded for resentencing.

{¶5} In 2003, the trial court conducted a resentencing hearing pursuant to this court's order. It also considered Cvijetinovic's motion to withdraw his guilty plea, which it ultimately denied. At resentencing, the trial court imposed the same aggregate 16-year prison sentence as previously ordered in 1999.

{¶6} After hearing all mitigating factors and making the necessary findings, the court restated the original 1999 sentence:

> As for the consecutive sentences this Court imposed, this Court imposed on Case No. 368579 * * * this Court imposed a sentence of nine years on each of Counts 1 and 2 to run concurrent to each other with the three-year gun specification which must, by law, run consecutive and prior thereto for a total of twelve years.

(Tr. 19.) The court made no statement regarding whether this case was to run consecutive to any other case. The court then continued, "On Case No. 368577, * * * ." (Tr. 19.) At that point, the court was interrupted and proceeded to reiterate the facts of the case, and finally concluded that "sixteen years is not disproportionate to the seriousness of this conduct." (Tr. 20-21.). The court again restated that

Sixteen years is not harsh. * * * And, concurrent to those two cases, the Court imposed a sentence in Case 368578 of six years on each of counts 1 and 2, concurrent with the one year firearm specification, which must run consecutive and prior thereto. As I've said, total of sixteen years. Credit for, I believe, it was 147 days. Sir, that was your sentence. It was a proper sentence given at that time. It is still proper today and it will still be your sentence.

(Tr. 23.).

{¶7} The trial court's 2003 sentencing entries provided that in CR-368577, "Defendant is sentenced to [LCI] for a term of 4 years to run consecutively to CR 368579 and concurrently with CR 368578." In CR-368578, the court again sentenced Cvijetinovic to a total prison term of seven years — "1 year on firearm specifications as to each of Counts 1 and 2 to run prior to and consecutively to 6 years on underlying charges in Counts 1 and 2, counts to run concurrently with each other." Finally, in CR-368579, the court reimposed the 12-year sentence — "3 years on firearm specifications as to each of Counts 1 and 2 to run prior to and consecutively to 9 years on underlying charges in Counts 1 and 2, counts to run concurrently with each other but consecutively to CR-368577."

{¶8} The 2003 resentencing transcript also reveals that at the end of the hearing the trial court advised Cvijetinovic that he would be subject to a mandatory term of five years postrelease control, but failed to properly notify him of the consequences of failing to abide by the terms and conditions of postrelease control. "If you fail to abide by the conditions of that program or the laws, the parole authority can take you back to prison for further incarceration or they could, under certain circumstances, charge you with a

new case or they could do both at the same time if they so desire." Moreover, the trial court failed to include the order of postrelease control in the sentencing journal entries.

{¶9} Cvijetinovic again appealed, challenging the denial of his motion to withdraw his guilty pleas and his sentence. In *State v. Cvijetinovic*, 8th Dist. Cuyahoga No. 82894, 2003-Ohio-7071, this court affirmed the trial court's decision denying the motion to withdraw his guilty pleas and upheld his sentence.

{¶10} In 2011, the trial court received notification from the Ohio Department of Rehabilitation and Correction that postrelease control was not imposed on Cvijetinovic at the time of resentencing. Accordingly, the trial court conducted a video conference hearing on May 12, 2011, to order postrelease control. At the hearing, the trial court advised Cvijetinovic that he had served his sentences on both cases — CR-368577 and CR-368578 and therefore, postrelease control would be imposed only on CR-368579. Cvijetinovic contested that his 12-year sentence on CR-368579 was completed, and he was now serving his remaining four-year sentence on CR-368577. The trial court disagreed, reasoning that Cvijetinovic's sentences were served based on the order of the case numbers — the lowest case number was served first. The court then advised Cvijetinovic that he was subject to five years mandatory postrelease control in CR-368579 because he was convicted of first-degree felonies. Cvijetinovic did not file a direct appeal regarding the imposition of postrelease control.

{¶11} In October 2012, Cvijetinovic moved to vacate the imposition of postrelease control, contending that (1) the trial court imposed a period of postrelease control on a

sentence that was completed, and (2) he was not physically present in the courtroom for the hearing. The trial court denied his motion.

{¶12} Cvijetinovic now appeals contending in his sole assignment of error that the trial court erred and violated his constitutional rights by adding postrelease control to his sentence after his sentence had already been served. The state contends that Cvijetinovic's appeal is barred by res judicata or, in the alternative, that the imposition of postrelease control was proper.

{¶13} Contrary to the state's position, Cvijetinovic's appeal is not barred by res judicata. Although the issues raised by Cvijetinovic in his motion to vacate existed in 2011 and could have been raised on direct appeal from the trial court's order of postrelease control, we find that res judicata does not bar Cvijetinovic's appeal because a void sentence can be collaterally attacked at any time. *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, paragraph one of the syllabus (a void sentence "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or collateral attack"); *State v. Billiter*, 134 Ohio St.3d 103, 2012-Ohio-5144, 980 N.E.2d 960, ¶ 10 ("if a trial court imposes a sentence that is unauthorized by law, the sentence is void"); *see also State v. Douse*, 8th Dist. Cuyahoga No. 98249, 2013-Ohio-254, ¶ 11. Accordingly, we now turn to the merits of the appeal.

{¶14} In this case, Cvijetinovic contends the trial court imposed a term of postrelease control on an offense after he completed his prison term for that offense; thus, the term of postrelease control is void. This argument presents two issues for us to

consider — (1) whether Cvijetinovic was properly notified about postrelease control at his 2003 resentencing, which could be remedied by nunc pro tunc; and (2) whether Cvijetinovic completed his prison term for the offense in which the trial court imposed postrelease control.

{¶15} In *State v. Qualls*, 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, the Ohio Supreme Court addressed the issue of postrelease control, emphasizing two important principles. The first principle is that "a trial court must provide statutorily compliant notification to a defendant regarding postrelease control at the time of the sentencing, including notifying the defendant of the details of postrelease control and the consequences of violating postrelease control." *Id*. at ¶ 18. If the trial court properly notifies the defendant about postrelease control at the sentencing hearing, but the notification is inadvertently omitted from the sentencing entry, the omission can be corrected with a nunc pro tunc entry and the defendant is not entitled to a new sentencing hearing. *Id*. at the syllabus.

{¶16} In this case, although the trial court advised Cvijetinovic that he was subject to a mandatory term of five years postrelease control at the 2003 sentencing hearing, the court did not to properly advise him of the consequences of failing to abide by the terms and conditions of postrelease control, specifically that if he violated "supervision or a condition of postrelease control, the parole board may impose a prison term of up to one-half of the prison term originally imposed upon the offender." *See* R.C. 2929.19(B)(3)(c) and (e). *State v. Bloomer*, 122 Ohio St.3d 200, 2009-Ohio-2462, 909

N.E.2d 1254, ¶ 2. Accordingly, Cvijetinovic was not properly advised about postrelease control; thus, the sentencing entry cannot be corrected by way of nunc pro tunc.

{¶17} The second principle emphasized in *Qualls*, and recently explained by the Seventh District in *State v. Bundy*, 7th Dist. Mahoning No. 12 MA 86, 2013-Ohio-2501, is that "unless a sentencing entry that did not include notification of the imposition of postrelease control is corrected before the defendant completed the prison term for the offense for which postrelease control was to be imposed, postrelease control cannot be imposed." *Qualls* at ¶ 16, citing *Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 28-30, *Bundy* at ¶ 16; *see also Douse*, 8th Dist. Cuyahoga No. 98249, 2013-Ohio-254, at ¶ 13

{¶18} Therefore, the issue becomes whether Cvijetinovic served his prison sentence in CR-368579 for the offenses for which postrelease control was imposed. If so, Cvijetinovic cannot be subject to postrelease control for offenses in that case.

{¶19} As the previously set forth facts demonstrate, this case presents a unique set of circumstances. In 2003, the trial court resentenced Cvijetinovic for in three separate cases. In each case, the trial court entered separate prison terms, but ran two of the cases consecutively to each other — the 4-year sentence in CR-368577 consecutive to the 12-year sentence in CR-368579 and vice versa.

{¶20} By the time the trial court conducted the 2011 hearing to impose postrelease control, Cvijetinovic had already served over 12 years in prison. The trial court determined that Cvijetinovic was serving his prison sentences based on the lowest case

number being served first. Therefore, according to the court, Cvijetinovic completed his prison terms on cases CR-368577 and CR-368578 and postrelease control could not be ordered on those cases. However, the court determined that Cvijetinovic was still serving his prison term for CR-368579; thus, it imposed the mandatory term of five years postrelease control.

{¶21} This court cannot find any authority to support the trial court's rationale that the sentence for the lowest case number be served first. Rather, it is axiomatic that a trial court only speaks through its journal; thus, the sentencing journal entries should dictate how sentences are served.

{¶22} However, in this case, the 2003 resentencing journal entries are in conflict as to which case Cvijetinovic was to serve first — CR-368577 states the four year sentence is served consecutively to CR-368579; and CR-368579 states the twelve-year sentence is served consecutively to CR-368577. There is no doubt that the trial court intended to run the cases consecutively for a total aggregate sentence of 16 years. However, it is the order in which the sentences are to be served that are conflicting or ambiguous.

{¶23} In *State v. Broughton*, 6th Dist. Lucas Nos. L-06-1213 and L-06-1214, 2007-Ohio-5312, the court reviewed a similar case where the trial court created reciprocal and conflicting sentencing entries on two separate cases. The court considered the follow orders: "CR03-1514 was a one year prison term 'to be served consecutively to CR03-1552.' In a second judgment entry for case CR03-1552, the court imposed a

six-month mandatory prison term, again stating that the 'sentences are to be served consecutively to CR03-1514'." The Sixth District, reiterating the long-standing principle that ambiguity in sentences must be construed in favor of the defendant, determined that because "it is unclear from the judgment entries which sentence is to be served first, we must construe the error in defendant's favor." *Id.* at ¶ 14. *See also State v. Marbury*, 10th Dist. Franklin No. 03AP-23, 2004-Ohio-33763, ¶ 67.

**{¶24}** In this case, we find that sentencing journal entries for CR-368577 and CR-368579 are equally conflicting and ambiguous. Moreover, a review of the 2003 resentencing transcript provides little insight to this court, except that the trial court indicated that it was its intention to impose the same sentence in 2003 that it imposed in 1999.[2]

**{¶25}** Accordingly, because the journal entries are conflicting and ambiguous, we construe the ambiguity in Cvijetinovic's favor and determine that the prison sentence imposed in CR-368579 was served first; thus, was completed by the time the trial court conducted the 2011 hearing imposing postrelease control. The trial court could not order a term of postrelease control for the offenses in CR-368579.[3] Cvijetinovic's assignment of error is sustained.

---

[2]Merely as a point of reference, the original 1999 sentencing journal entries provided that the four-year sentence in CR-368577 be served consecutively to CR-368579. And in CR-368579, the court's journal entry was silent as to whether the twelve-year sentence was to be served consecutively or concurrently with any other sentence.

[3]The result in this case may have been different had Cvijetinovic not completed any of his prison sentences. *See State v. Collins*, 8th Dist. Cuyahoga No. 99111, 2013-Ohio-3726, ¶ 26

**{¶26}** Judgment reversed and case remanded to the trial court to enter a judgment entry removing the mandatory term of five years postrelease control on CR- 368579, and entering the appropriate terms, if any, of postrelease control on CR-368578 and CR-368577.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR

---

(sua sponte finding that the trial court's sentencing entries failed to specify whether the sentences are to be served concurrently or consecutively and the ambiguity could be corrected nunc pro tunc). However, in this unique case, because Cvijetinovic has served some of his prison terms, a nunc pro tunc entry is not proper.