[Cite as *State v. Kish*, 2014-Ohio-699.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No.   99895

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ERIC KISH

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-431285

**BEFORE:**   Keough, J., Celebrezze, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:**    February 27, 2014

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
By: John T. Martin
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Adam M. Chaloupka
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} Defendant-appellant, Eric Kish, appeals the trial court's imposition of five-years mandatory postrelease control in CR-431285. For the reasons that follow, we affirm.

{¶2} In 2003, Kish pleaded guilty to involuntary manslaughter in CR-431285 and aggravated robbery in CR-432975. The trial court sentenced Kish to an agreed prison sentence of ten years for involuntary manslaughter and five years for aggravated robbery. According to the journal entry in CR-431285, the court ordered that the ten-year sentence "run consecutive to CR-432975" (the five-year sentence for aggravated robbery). The sentencing entry improperly notified Kish of postrelease control.

{¶3} Accordingly, Kish filed a motion to correct his sentence in 2012 arguing that postrelease control was improperly imposed at sentencing. The trial court conducted a limited sentencing hearing in April 2013 for the sole-purpose of imposing postrelease control. At the hearing, Kish argued that postrelease control could not be imposed on either case, (CR-431285 or CR- 432975) because when consecutive sentences are imposed it is "treated as one big sentence of 15 years" under Ohio Administrative Code section 5120-2-031(G). Therefore, according to Kish, it was unclear as to which of the two sentences in the two different cases were already served, and as a result postrelease control could not be imposed on either.

{¶4} The state argued that after telephonically conferring with an individual at the Bureau of Sentence Computation, it was determined that Kish's five-year sentence in

CR-432975 had been served and that he was currently serving his ten-year sentence in CR-431285.[1] Accordingly, the state requested that the mandatory term of five-years postrelease control be imposed on CR-431285.

{¶5} The trial court found, without explanation, that Kish had served his sentence in CR-432975; therefore, postrelease control could not be imposed under that case. After properly advising Kish regarding postrelease control, the court imposed a mandatory term of five-years postrelease control in CR-431285

{¶6} Kish now appeals, raising three assignments of error, which will be addressed out of order and together where appropriate.

{¶7} In his first assignment of error, Kish argues that "because there is no question that the defendant has already served one of the two terms of imprisonment in full, the trial court erred when it imposed postrelease control in both CR-431285 and [CR-]432975."

{¶8} Contrary to Kish's statement, the trial court's journal entry clearly provides that postrelease control was only imposed in CR-431285. Accordingly, Kish's first assignment of error is overruled.

{¶9} In his third assignment of error, Kish contends "alternatively, the only sentence upon which PRC can still be imposed is that for aggravated robbery in

---

[1]The State concedes on appeal that the "individual" at the bureau may have misinformed the state about this information.

CR-432975 because the sentence for involuntary manslaughter was imposed in a lower numbered case and is presumed to have been served first."

**{¶10}** This court recently considered a similar case in which the trial court entered reciprocal sentencing entries on two different cases. *State v. Cvijetinovic*, 8th Dist. Cuyahoga No. 99316, 2013-Ohio-5121. In *Cvijetinovic*, this court rejected the "lower case number is served first" doctrine. Rather, "it is axiomatic that a trial court only speaks through its journal entries; thus, the sentencing journal entries should dictate how sentences are served." *Id*. at ¶ 21. Accordingly, Kish's third assignment of error is overruled.

**{¶11}** In his second assignment of error, Kish contends "because, as a matter of law, the terms of imprisonment have merged into a single period of imprisonment from which it cannot be determined which term has been served in full, postrelease control cannot be imposed on either case." Specifically, Kish contends that although Ohio Adm. Code 5120-2-03.1 dictates how his life in prison will be conducted, i.e. determining an out-date and eligibility for particular programs, it is unhelpful to determine which sentence is to be served first.

**{¶12}** While we summarily disagree with Kish's reasoning why postrelease control cannot be imposed on either case, we agree with Kish that no revised or administrative code dictates how multiple case sentences are to be served. Rather, it is the court's sentencing journal entry dictates how a sentence is to be served. *See, e.g., State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, ¶ 2-3, 10; *State v. Holdcroft*,

2012-Ohio-3066, 973 N.E.2d 334 (3d Dist.), ¶ 4; *Cvijetinovic* at ¶ 21. Therefore, it is imperative that a trial court's sentencing journal entry is unambiguous and clearly sets forth the sequence in which consecutive sentences are to be served, especially when sentencing on multiple cases or counts. Merely stating that the cases or counts are to run consecutive to or with each other is insufficient because it does not indicate which sentence is to be served first. *See generally Cvijetinovic*.

**{¶13}** In this case, the parties requested that this matter be remanded to the trial court to reconsider the imposition of postrelease control. Accordingly, considering that the state conceded at oral argument that the trial court may have received misinformation about which sentence Kish served first, and in light of our recent decision in *Cvijetinovic*, we reverse the imposition of postrelease control and remand the matter back to the trial court to conduct a hearing to determine the sequence of Kish's sentences and then impose postrelease control on his remaining unserved sentence.

**{¶14}** Judgment reversed, case remanded.

It is ordered that the parties share equally the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
PATRICIA ANN BLACKMON, J., CONCUR

KEY WORDS:
99895

postrelease control, consecutive sentences, reciprocal  Hearing warranted to determine the sequence of a defendant's consecutive prison sentence on two separate cases. A trial court's sentencing journal entry dictates how a sentence is to be served.  Postrelease control can only be imposed on unserved prison sentences.