[Cite as *State v. Powell*, 2014-Ohio-3842.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                           :

    Plaintiff-Appellee                   :            C.A. CASE NO.    24433

v.                                      :            T.C. NO.    99CR631

CEDRIC E. POWELL                        :            (Criminal appeal from
                                                     Common Pleas Court)

    Defendant-Appellant                  :

                                        :

. . . . . . . . . .

# **O P I N I O N**

Rendered on the ____5th____ day of ____September____, 2014.

. . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
    Attorney for Plaintiff-Appellee

THOMAS H. HAHN, Atty. Reg. No. 0086858, P. O. Box 341688, Beavercreek, Ohio 45432
    Attorney for Defendant-Appellant

. . . . . . . . . .

FROELICH, P.J.

{¶ 1} Cedric E. Powell appeals from the judgment of the Montgomery County Court of Common Pleas following Powell's resentencing in January 2011, due to the court's failure to properly impose postrelease control at his original sentencing hearing in 1999. For the following reasons, the trial court's imposition of postrelease control for

Powell's rape conviction (Count 1) will be vacated and, in all other respects, the trial court's judgment will be affirmed. This matter will be remanded to the trial court for the sole purpose of filing an amended judgment entry reflecting the vacation of postrelease control for Count 1.

## I. Procedural History

{¶ 2}    In 1999, Powell was convicted by a jury of one count of rape, one count of kidnapping, two counts of felonious assault, two counts of corruption of a minor, six counts of pandering sexually oriented material involving a minor, and three counts of illegal use of a minor in nudity-oriented material. Powell was also convicted of several firearm specifications. The trial court imposed an aggregate sentence of 22 years in prison. The judgment entry included the provision that, "[f]ollowing the defendant's release from prison, the defendant will/may serve a period of post-release control under the supervision of the parole board."

{¶ 3}    On appeal, we vacated one count of corruption of a minor (Count 6), one count of pandering sexually oriented material involving a minor (Count 12), and one count of illegal use of a minor in nudity-oriented material (Count 15). *State v. Powell*, 2d Dist. Montgomery No. 18095, 2000 WL 1838716 (Dec. 15, 2000). Powell's aggregate sentence was reduced to 21 years. Powell subsequently sought post-conviction relief, which was denied. We affirmed that judgment. *State v. Powell*, 2d Dist. Montgomery No. 19685, 2003-Ohio-4430. Later, Powell sought to vacate the order that he pay court costs. We affirmed the trial court's denial of that motion. *State v. Powell*, 2d Dist. Montgomery No. 20857, 2006-Ohio-263.

{¶ 4}   On November 4, 2010, Powell filed a "motion for resentencing to vacate a void sentence."   Powell argued that his sentences were void, per *State v. Jordan*, 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, and related authorities, due to the trial court's failure to notify him that he was subject to a mandatory term of five years of postrelease control on his first-degree felony offenses.   Powell asserted that the proper remedy was to resentence him.

{¶ 5}   On December 16, 2010, Powell appeared for a de novo resentencing hearing.  However, at Powell's request, the trial court ordered an updated presentence investigation report and rescheduled the hearing for December 30, 2010.   On December 23, 2010, the Ohio Supreme Court decided *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, which held that when a trial court errs in imposing a term of post-release control at sentencing, "that part of the sentence is void and must be set aside," but "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence."   *Fischer* at ¶ 26, ¶ 40.

{¶ 6}   Powell was ultimately resentenced on January 6, 2011.   At the beginning of the hearing, the court discussed with counsel and Powell the impact of *Fischer* on Powell's resentencing.   The court then informed Powell that he would be subject to "a full five years" of postrelease control for the rape and kidnapping, corruption of a minor, pandering sexually oriented material involving a minor, and illegal use of a minor in nudity-oriented material charges.   The court further stated that Powell would be placed on "a full three years" of postrelease control for the felonious assault charges.   The court advised Powell of the consequences should he violate postrelease control.   In response to a question by Powell, the trial court indicated that postrelease control is not served

consecutively and that he faced a total mandatory postrelease control of five years.

{¶ 7}    On January 10, 2011, the trial court issued an amended termination entry, which reflected the terms of postrelease control imposed at the resentencing hearing.

{¶ 8}    Powell appealed from the trial court's amended termination entry.   Powell's appellate counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that there were no potentially meritorious issues for appeal, in light of *Fischer*.   Counsel set forth two potential assignments of error, namely that (1) the trial court erred in failing to conduct a "full" hearing on all aspects of Powell's sentence and (2) Powell's trial counsel rendered ineffective assistance at the resentencing hearing by failing to address the original sentencing order's failure to comply with Crim.R. 32(C).   By entry, we informed Powell that his attorney had filed an *Anders* brief on his behalf and granted him 60 days from that date to file a pro se brief.   Powell requested a copy of the transcript, and we ordered his attorney to provide it to Powell.   Due in part to substantial delays concerning the transcript, Powell's pro se brief was not filed until August 2013.

{¶ 9}    Powell raised five assignments of error in his pro se brief: (1) that the trial court should have conducted a de novo sentencing hearing, (2) that his counsel rendered ineffective assistance by failing to prepare for the resentencing hearing, to adequately argue for a de novo resentencing hearing, and to adequately raise alleged errors (in addition to postrelease control) in his original sentence, (3) that the trial court erred in failing to orally impose court costs at both his 1999 sentencing and at the 2011 resentencing hearing, (4) that the trial court sentenced him without including jail time credit for the time he served prior to his 1999 trial and while awaiting his resentencing, and (5) that he was imprisoned on a void

judgment for twelve years and that the trial court could not resentence him in January 2011 due to the court's "inexcuable delay between [his] conviction (1999) and his * * * Jan. 6th 2011 sentencing hearing."

{¶ 10} On review, we found that Powell's first, second, and fifth assignments had no arguable merit. We also concluded that, with respect to the imposition of court costs in 1999, res judicata precluded Powell from relitigating this issue in this appeal, and he had no arguably meritorious claim related to the 1999 order to pay court costs. However, to the extent that Powell challenged the imposition of court costs related to his resentencing, his argument had arguable merit because the trial court did not inform Powell at his resentencing hearing that he would be required to pay court costs associated with the resentencing. We further concluded that an arguably meritorious issue existed as to whether the trial court erred in failing to state the amount of jail time credit to which Powell was entitled in its January 2011 amended judgment entry. Accordingly, we set aside the *Anders* brief and appointed new appellate counsel to act as Powell's advocate on appeal. *State v. Powell*, 2d Dist. Montgomery No. 24433 (Jan 7, 2014).

{¶ 11} Powell now raises two assignments of error for review.[1]

## II.  Court Costs

{¶ 12} Powell's first assignment of error states:

---

[1] On August 13, 2014, Powell filed, pro se, a "Judicial Notice to the Court," asserting that his original judgment entry was defective and that his appellate attorney should not have limited his review to resentencing issues. Powell asks that we "take judicial notice" of the judgment entries, conclude that the judgment entries are "void/defective," and "issue a directive to appellant's appellate counsel to examine the entire record, as if no appeal had been filed, to determine meritorious issues for this Honorable Court's review, as appellant's first appeal of right." For the reasons discussed in this Opinion, we disagree with Powell that his original judgment entry was void in its entirety and that this appeal should be treated as a first appeal of right.

The trial court erred to the prejudice of Appellant Cedric Powell by failing to address court costs during the resentencing hearing held on January 6, 2011.

**{¶ 13}** Powell claims that the trial court erred in ordering him to pay court costs in the amended termination entry, dated January 10, 2011. Powell states that the trial court failed to mention court costs at the resentencing hearing, which deprived him of the opportunity to seek a waiver of payment of the costs due to indigency.

**{¶ 14}** Under R.C. 2947.23, a trial court is required to impose "the costs of prosecution" against all convicted defendants and render a judgment against defendants for such costs, even those who are indigent. *See State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. In *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, the Ohio Supreme Court held that the trial court must orally notify a defendant at sentencing that the court is imposing court costs. *Id.* at ¶ 22, citing Crim.R. 43(A). A trial court may waive the payment of costs, but an indigent defendant must move for such waiver at sentencing. *Joseph* at ¶ 11-12.

**{¶ 15}** When the trial court fails to impose court costs at sentencing, a defendant does not waive for appeal any challenge to the court's imposition of court costs in the sentencing entry. *See State v. Lewis*, 2d Dist. Montgomery No. 25225, 2013-Ohio-1581, ¶ 13; *Joseph* at ¶ 22. The trial court's failure "is not harmless because it deprives the defendant of an opportunity to contest the imposition of court costs." *State v. Lunsford*, 193 Ohio App.3d 195, 2011-Ohio-964, 951 N.E.2d 464, ¶ 15 (2d Dist.). "Under such circumstances, principles of waiver and res judicata do not apply." *Id.*

**{¶ 16}** Powell was resentenced in January 2011 for the sole purpose of properly

imposing postrelease control. It is well established that, when a trial court errs in imposing a term of post-release control at sentencing, "that part of the sentence is void and must be set aside." *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 26. "[O]nly the offending portion of the sentence is subject to review and correction." *Id.* at ¶ 27. Where postrelease control has been improperly imposed, res judicata applies to all other aspects of the conviction and sentence, including the determination of guilt and the lawful elements of the sentence. *Id.* at ¶ 34. *See also State v. Wilson*, 2d Dist. Montgomery Nos. 24461, 24496, 24501, 2012-Ohio-1660, ¶ 19.

**{¶ 17}** The 2011 amended termination entry reflected the corrected imposition of postrelease control and otherwise reiterated the sentence previously imposed, which included the requirement that Powell pay court costs. Because the 1999 order that Powell pay court costs was not before the trial court in 2011, the trial court was not required to reiterate at the 2011 resentencing hearing that Powell would be required to pay the previously-ordered court costs. Res judicata bars Powell from relitigating the trial court's imposition of court costs at his original sentencing.

**{¶ 18}** When additional court costs related to the resentencing are imposed, the trial court must notify the defendant of that fact at the resentencing hearing. *State v. Dudley*, 2d Dist. Montgomery No. 24408, 2012-Ohio-3844, ¶ 10; *Lunsford* at ¶ 16. However, Powell has not claimed that additional court costs associated with his resentencing have been imposed and that he has been required to pay those costs without being notified of that obligation by the trial court. Accordingly, Powell has not established that the trial court committed any error in failing to mention court costs at the 2011 resentencing hearing.

{¶ 19}   We note that 2012 Sub.H.B. 247 made several substantive changes to R.C. 2947.23, effective March 22, 2013.   R.C. 2947.23(C) now provides: "The court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution, including any costs under section 2947.231 of the Revised Code, at the time of sentencing or at any time thereafter."   2012 Sub.H.B. 247 also authorized courts to cancel claims for costs due the court, if the amounts are uncollectible.   The provisions state, "If at any time the court finds that an amount owing to the court is due and uncollectible, in whole or in part, the court may direct the clerk of the court to cancel all or part of the claim.   The clerk shall then effect the cancellation."   *See* R.C.1901.263 (municipal court); R.C.1905.38 (mayor's court); R.C.1907.25 (county court); R.C .1925.151 (small claims division); R.C. 2101.165 (probate court); R.C. 2151.542 (juvenile court); R.C. 2303.23 (common pleas court); R.C. 2501.161 (court of appeals); R.C. 2503.33 (supreme court).

{¶ 20}   These statutory provisions give authority to the trial court to consider waiving court costs even after sentencing.   *State v. Hawley*, 2d Dist. Montgomery No. 25897, 2014-Ohio-731, ¶ 12.   Accordingly, regardless of when court costs were imposed, Powell may ask the trial court, under R.C. 2947.23(C), to waive, suspend, or modify his payment of court costs.   We state no opinion as to how the trial court should rule on any such motion.

{¶ 21}   Powell's first assignment of error is overruled.

### III.   Imposition of Postrelease Control

{¶ 22}    Powell's second assignment of error states:

The trial court did not have jurisdiction to place Powell on post-release

control for an offense after he had already served the prison term for that offense.

{¶ 23} Powell claims that the trial court erred in imposing postrelease control for each of his offenses at the January 2011 resentencing hearing, because he had previously completed his sentence for some of those offenses prior to the hearing.

{¶ 24} Once a defendant has served the prison term for an offense for which postrelease control applies, the trial court no longer has the authority to resentence the defendant for the purpose of adding a term of postrelease control as a sanction for that particular offense. *State v. Holdcroft*, 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, paragraph three of the syllabus. *See also Hernandez v. Kelly*, 108 Ohio St.3d 395, 2006-Ohio-126, 844 N.E.2d 301, ¶ 32; *State v. Bezak*, 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961, ¶ 18, overruled on other grounds by *Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332. This is true even if the defendant remains incarcerated on other charges. *Holdcroft* at ¶ 18.

{¶ 25} This proscription is difficult to apply in a case such as Powell's. Powell was sentenced to five years in prison for rape (Count 1), kidnapping (Count 2), and felonious assault (Counts 3 and 4). The trial court imposed 12 months in prison for corruption of a minor (Count 5), and two years in prison for the five counts of pandering sexually oriented material involving a minor (Counts 7, 8, 9, 10, and 11) and for two counts of illegal use of a minor in nudity-oriented material (Counts 13 and 14). Counts 1, 2, and 5 were ordered to be served consecutively "to each other and all other counts." Counts 3 and 4 were to be served concurrently with each other and consecutively to the other counts. Counts 7-11 and

13-14 also were to be served concurrently with each other and consecutively to all other counts. The trial court did not specify the order in which the sentences were to be served; it simply stated that the certain sentences would be served consecutively to the others. Powell also was convicted of firearm specifications, which merged into a single specification; the court did specify that Powell was required to serve three years in prison for the specification, to be served consecutively to and prior to the other offenses. Powell's total prison sentence was 21 years.

{¶ 26} The trial court notified Powell that, upon his release from prison, he would be subject to three years of postrelease control for Counts 3 and 4 (the two felonious assaults) and to five years of postrelease control for all other counts (Counts 1-2, 5, 7-11, 13-14).

{¶ 27} When the trial court filed its amended termination entry in January 2011, Powell had served approximately 11 years and ten months of his prison sentence. The first three of those years were attributable to his sentence on the firearm specification. It is not apparent from the record which sentences were served during the next eight years. Given that Powell's longest sentence for an offense was five years, it is evident that at least one of Powell's sentences was completed before his 2011 resentencing hearing and the filing of the amended termination entry.

{¶ 28} We have noted a general absence of authority regarding the order in which a defendant serves his or her sentences when consecutive sentences are imposed on multiple counts. *State v. Ford*, 2d Dist. Montgomery No. 25796, 2014-Ohio-1859, citing *State v. Kish*, 8th Dist. Cuyahoga No. 99895, 2014-Ohio-699. We commented that, in the absence

of other guidance, we might reasonably look to the order that the trial court addressed the charges and infer that the court intended that the sentences be served in the order addressed in the termination entry. *Ford* at ¶ 21. We further noted that the Eighth District has determined that, when the trial court fails to specify the order that sentences should be served, the appellate court should construe the ambiguity in the termination entry in the defendant's favor. *State v. Cvijetinovic*, 8th Dist. Cuyahoga No. 99316, 2013-Ohio-5121. With that view in mind, we concluded in *Ford* that the defendant would benefit from a finding that he had completed his aggravated robbery sentence (for which postrelease control would be a mandatory five-year term) rather than his sentence for having a weapon while under disability (for which postrelease control was discretionary for three years). *Ford* at ¶ 21. We thus reversed in part the trial court's judgment and remanded for the trial court to vacate postrelease control for Ford's aggravated robbery conviction.

**{¶ 29}** Here, Powell's most serious convictions were for rape and kidnapping, both first-degree felonies. The court imposed five years in prison on both of those counts and ordered them (along with the charge of corruption of a minor) to be served consecutively to each other and all other counts. In the paragraph addressing which sentences were to be served consecutively and/or concurrently, these offenses were addressed first. From the record, we may reasonably infer that the trial court intended Powell to serve his conviction for rape (Count 1) immediately after completing his sentence on the firearm specification.

**{¶ 30}** Powell's sentence for rape was completely served prior to Powell's resentencing hearing in January 2011, but he remained incarcerated on all of the remaining charges. Accordingly, we sustain Powell's second assignment of error, in part, and we will

vacate postrelease control for the rape conviction. We note that, because postrelease control is served concurrently, the elimination of postrelease control for the rape conviction will not affect the overall length of Powell's postrelease control upon his release from prison.

### IV. Conclusion

{¶ 31} The trial court's imposition of postrelease control for Powell's rape conviction (Count 1) will be vacated. In all other respects, the trial court's judgment will be affirmed. This matter will be remanded to the trial court for the sole purpose of filing an amended judgment entry reflecting the vacation of postrelease control for Count 1.

. . . . . . . . . .

HALL, J. and WELBAUM, J., concur.

Copies mailed to:

Carley J. Ingram
Thomas H. Hahn
Hon. Dennis J. Langer