[Cite as *State v. Collins*, 2016-Ohio-3301.]

COURT OF APPEALS
FAIRFIELD COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. Sheila G. Farmer, P.J. |
|     Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 15-CA-19 |
| ROY E. COLLINS | |
|     Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:    Appeal from the Fairfield County Common
Pleas Court, Case No. 11-CR-455

JUDGMENT:    Reversed and Remanded

DATE OF JUDGMENT ENTRY:    June 3, 2016

APPEARANCES:

For Plaintiff-Appellee               For Defendant-Appellant

GREGG MARX                  DAVID A. SAMS
Prosecuting Attorney            PO Box 40
                               W. Jefferson, Ohio 43162
By: ANDREA GREEN
Assistant Prosecuting Attorney
Fairfield County, Ohio
239 W. Main Street, Ste. 101
Lancaster, Ohio 43130

*Hoffman, J.*

{¶1} Defendant-appellant Roy E. Collins appeals the February 6, 2015 Judgment Entry entered by the Fairfield County Court of Common Pleas overruling his motion for jail time credit. Plaintiff-appellee is the state of Ohio.

STATEMENT OF THE CASE[1]

{¶2} On December 15, 2011, via Judgment Entry of Plea, Appellant entered a plea of guilty to Three Counts of Forgery, in violation of R.C. 2913.31(A)(3), specified as Counts Three, Four and Five in the Indictment, and the trial court accepted the plea, convicting Appellant of three counts of Forgery, in violation of R.C. 2913.31(A)(3), felonies of the third degree.

{¶3} On December 15, 2011, the trial court, via Judgment Entry of Sentence, sentenced Appellant to eleven months in prison each on the three counts of forgery. The Judgment Entry of Sentence reads, in pertinent part

It is therefore ORDERED that the Defendant serve a stated prison term in the Correctional Reception Center of 11 months as to Count Three, serve a prison term of 11 months as to Count Four, serve a prison terms [sic] of 11 months as to Count Five, and pay the costs of prosecution. The Court ordered that said sentences are to be served consecutively to each other. The Court finds consecutive sentencing is appropriate because the charges were for different dates and different acts and is necessary to punish the Defendant and protect the public. The Court finds consecutive

---

[1] A rendition of the underlying facts is unnecessary for resolution of this appeal.

sentencing is not disproportionate to purposes and principles of felony sentencing given Defendant's criminal history, consecutive sentencing is necessary.

{¶4} Accordingly, Appellant was ordered to serve a total prison term of thirty-three months. Appellant was credited with 85 days for his time spent in the Fairfield County Jail as of December 15, 2011, and all additional days served while awaiting transportation to the state penal institution.

{¶5} On June 22, 2012, the trial court granted Appellant judicial release and placed Appellant on community control after serving 185 days in prison.

{¶6} On May 9, 2014, the State filed a motion to revoke community control on the grounds Appellant had violated certain terms of community control.

{¶7} On May 28, 2014, Appellant was arrested for violation of the terms of his community control, and held without bond pending further hearing.

{¶8} On June 19, 2014, the trial court found Appellant had violated the terms of his community control as alleged in the motion to revoke. The trial court revoked Appellant's community control as to "one" of the three sentences and ordered it into effect for eleven months. The court then went on to order the eleven month sentence on Count Three into execution, but the other two sentences (Count Four and Count Five) remained suspended for community control upon Appellant's release. Appellant did not appeal the trial court's sentence. Appellant was admitted into the Correctional Reception Center on July 22, 2014.

{¶9} The Bureau of Sentence Computation issued a Notice of New Calculation of Sentence on August 6, 2014, indicating appellant had acquired 33 days of jail credit

toward his 11 month sentence as to the third count (Count Three). The jail credit was accrued from the time of the revocation hearing until Appellant was transported to the state penal institution.

{¶10} On December 18, 2014, Appellant moved the trial court to award him additional jail time credit toward the eleven month sentence he was currently serving on the third count (Count Three). The state responded it was the trial court's intention on June 19, 2014, to order into execution the entire eleven month sentence as to Count Three, and for the jail time previously credited toward Appellant's other counts to remain suspended for community control.

{¶11} On February 6, 2015, the trial court held a non-oral hearing on Appellant's motion for jail time credit, and overruled the motion.

{¶12} Appellant filed a notice of appeal, assigning as error,

{¶13} "I. THE TRIAL COURT ERRED IN NOT AWARDING DEFENDANT-APPELLANT JAIL TIME CREDIT AGAINST HIS SENTENCE."[2]

{¶14} In the sole assignment of error Appellant argues he is entitled to credit for the time he was jailed in lieu of bail against his sentence, pursuant to R.C. 2967.191 and *State v. Fugate,* 117 Ohio St.3d 261, 2008-Ohio-856. Appellant maintains the record demonstrates he served a total of 299 days in jail/prison related to his sentence, but was not awarded those days as credit against the sentence.

---

[2] We note Appellant's Assignment of Error is most likely moot as he would have served his entire sentence on Count One at the time of this appeal. However, we find the argument ripe for review as the trial court withheld Appellant's jail time credit as to Counts Four and Five which remained suspended for community control. In the event Appellant's community control would be revoked on Count Four or Count Five, this issue will have been addressed on the merits.

**{¶15}** R.C. 2967.191 provides,

The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term, as determined by the sentencing court under division (B)(2)(g)(i) of section 2929.19 of the Revised Code, and confinement in a juvenile facility. The department of rehabilitation and correction also shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days, if any, that the prisoner previously served in the custody of the department of rehabilitation and correction arising out of the offense for which the prisoner was convicted and sentenced.

**{¶16}** Appellant argues he served a number of days in both jail and prison on Count Three, all of which should have been applied toward his sentence when his community control was revoked on June 19, 2014.

{¶17} The State maintains the trial court's Judgment Entry of Sentence indicates the trial court intended Appellant to serve the third count of forgery sentence (Count Three), a term of eleven months, in its entirety as a result of his violation of the terms of community control. The court further intended any and all jail time previously served to be credited to the other two remaining counts of forgery (Counts Four and Five) should Appellant serve a term of imprisonment on those counts. Accordingly, the State maintains the Bureau of Sentence Computation properly reduced Appellant's eleven month term by the number of days Appellant was confined between the date of the sentencing entry and the date the offender was committed to the department.  Appellant was granted 33 days of credit for the time spent in the Fairfield County Jail after his revocation hearing on June 19, 2014, until he was transported to the Correctional Reception Center on July 22, 2014.

{¶18} We disagree with the State's argument herein, and hold logic, as well as fairness, must prevail in construing the order of consecutive sentences when a trial court does not clearly and concisely provide otherwise. We find the trial court's sentencing journal entry dictates how a sentence is to be served. *State v. Kish* 8th Dist. 99895, 2014 Ohio 699, *See, e.g., State v. Holdcroft,* 137 Ohio St.3d 526, 2013–Ohio–5014, ¶ 2–3, 10; *State v. Holdcroft,* 2012–Ohio–3066, 973 N.E.2d 334 (3d Dist.), ¶ 4; *State v. Cvijetinovic,* 8th Dist. No. 99316, 2013-Ohio-5121.

{¶19} In *Kish,* supra, the Eighth District held,

> It is imperative a trial court's sentencing journal entry is unambiguous
> and clearly sets forth the sequence in which consecutive sentences are to
> be served, especially when sentencing on multiple cases or counts. Merely
> stating that the cases or counts are to run consecutive to or with each other

is insufficient because it does not indicate which sentence is to be served

first. *Kish*,supra, *See generally Cvijetinovic.*

**{¶20}** In the case sub judice, we find the trial court's original Judgment Entry of

Sentence does not unambiguously or clearly set froth the sequence the consecutive

sentences are to be served.  In such absence, we find the most logical reading of the

entry is that the sentence on Count Three was to be served first.

**{¶21}** While it may have been the trial court's intention on June 19, 2014, to

impose an additional eleven months for Appellant's community control violation, such

does not alter the fact Appellant had already served the majority of the sentence on Count

Three.  Because the trial court's July 16, 2014 Entry specifically ordered the original

sentence of eleven months on Count Three into execution, we find the trial court erred in

not granting Appellant's motion for additional jail time credit.

**{¶22}**  Appellant's assignment of error is sustained.

{¶23} The February 11, 2015 Entry Overruling Defendant's Motion for Jail Time Credit is reversed and the matter remanded to that court to order jail time credit in accordance with this Opinion and the law.

By: Hoffman, J.

Farmer, P.J.  and

Baldwin, J. concur