[Cite as *State v. Baker*, 2026-Ohio-1130.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | | |
|---|---|---|
| STATE OF OHIO | | C.A. No.    31480 |
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| KENNAE BAKER | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No.    CR-2018-08-2728 |

DECISION AND JOURNAL ENTRY

Dated: March 31, 2026

FLAGG LANZINGER, Judge.

{¶1}    Kennae Baker appeals from the judgment of the Summit County Court of Common Pleas.  For the following reasons, this Court affirms.

I.

{¶2}    A grand jury indicted Baker on the following eleven counts: two counts of aggravated murder, two counts of murder, one count of aggravated robbery, two counts of aggravated burglary, three counts of felonious assault, and one count of theft.  Except for the count of theft, all the counts contained accompanying firearm specifications.  The charges were based, in part, upon allegations that Baker shot and killed D.P. in D.P.'s girlfriend's apartment.  Baker pleaded not guilty and the matter proceeded to a jury trial.

{¶3}    At trial, there was no dispute that Baker shot and killed D.P.  Under the State's theory of the case, Baker shot and killed D.P. while Baker was trying to rob D.P. during a drug

transaction. According to Baker, he shot D.P. in self-defense because D.P. pulled a gun out of his pocket and was about to shoot him.

{¶4} The jury found Baker guilty of one count of aggravated murder, two counts of murder, and two counts of felonious assault, along with the accompanying firearm specifications. The jury found Baker not guilty of the remaining counts.

{¶5} After trial but before sentencing, defense counsel filed a "Motion for Acquittal or in the Alternative, Motion for New Trial[.]" Defense counsel asserted that the jury rendered a seemingly inconsistent verdict because it found Baker guilty of one count of aggravated murder based upon the purposeful killing of D.P. during the commission of an aggravated burglary, yet the jury found Baker not guilty of both counts of aggravated burglary. Defense counsel argued that an error existed in the jury instructions that caused this inconsistent verdict.

{¶6} Specifically, defense counsel asserted that a finding of guilty on the count for aggravated murder required the jury to find that Baker purposefully killed D.P. "while committing or attempting to commit, or while fleeing immediately after committing or attempting to commit the offense of aggravated burglary." Defense counsel argued that the jury instruction for aggravated murder omitted an essential element of aggravated burglary, that is, that Baker entered the structure (D.P.'s girlfriend's apartment) with the purpose of committing a criminal offense. As a result, defense counsel requested that the trial court acquit Baker of aggravated murder or, alternatively, grant Baker a new trial on that charge. In the second alternative, defense counsel requested that the trial court modify the guilty verdict on the aggravated murder count to a conviction of murder, a lesser included offense of aggravated murder.

{¶7} The trial court granted defense counsel's motion for a new trial on the basis that the jury instruction for aggravated murder omitted an essential element of aggravated burglary, that

is, that Baker entered the structure "with purpose to commit in the structure a criminal offense." Accordingly, the trial court vacated the guilty verdict on the count for aggravated murder, along with the accompanying firearm specification. The trial court then denied defense counsel's motion for acquittal, finding that reasonable minds could differ as to whether Baker committed aggravated murder.

{¶8} At the sentencing hearing, the State requested the trial court to dismiss the count for aggravated murder instead of holding a new trial on that count. The trial court granted the State's request and dismissed the count for aggravated murder. The State then acknowledged that all the counts and accompanying firearm specifications merged for purposes of sentencing, and elected to proceed with sentencing on one of the murder counts.

{¶9} The State also addressed the fact that Baker had a prior conviction for receiving stolen property, and that the trial court in that case sentenced Baker to community control with a one-year suspended sentence. The State asked the trial court to impose the one-year sentence because Baker violated his community control by committing the underlying offenses. The trial court then acknowledged that Baker's conviction for receiving stolen property involved "a different judge who transferred that case here so they would move along together . . . with the homicide."

{¶10} The trial court sentenced Baker to life in prison with parole eligibility after 15 years for the count of murder, three years in prison for the accompanying firearm specification, and one year in prison for the community control violation in the receiving-stolen-property case. The trial court ran all the sentences consecutively. Baker now appeals, raising three assignments of error for this Court's review.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED BY DENYING MR. BAKER'S MOTION FOR ACQUITTAL OF AGGRAVATED MURDER.**

**{¶11}** In his first assignment of error, Baker argues that the trial court erred by denying his motion for acquittal on the count of aggravated murder. Baker argues that "[b]ecause jeopardy attached to the jury's not guilty verdicts on the theft offenses, the trial court should not have granted a new trial, but instead should have dismissed the felony-aggravated murder conviction with prejudice." For the following reasons, this Court overrules Baker's first assignment of error.

**{¶12}** "It is well established that the Double Jeopardy Clause protects against successive prosecutions for the same offense." *State v. Lovejoy*, 79 Ohio St.3d 440, 443 (1997). Here, Baker's argument is premised upon a potential double-jeopardy violation should the State attempt to re-indict him for aggravated murder in the future. Baker acknowledges in his merit brief that his assignment of error is arguably not ripe for review, but asserts that he is raising the issue now to avoid any res judicata issue in the future.

**{¶13}** "In order to be justiciable, a controversy must be ripe for review." *Keller v. Columbus*, 2003-Ohio-5599, ¶ 26. As the United States Supreme Court has explained, a "claim is not ripe for adjudication if it rests upon 'contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Texas v. United States*, 523 U.S. 296, 300 (1998), quoting *Thomas v. Union Carbide Agricultural Prods. Co.*, 473 U.S. 568, 580-581 (1985). Baker's assignment of error rests upon the State re-indicting him for aggravated murder in the future, which may not occur. Consequently, Baker's first assignment of error is not ripe for review. *See Keller* at ¶ 26. Baker's first assignment of error is overruled.

## ASSIGNMENT OF ERROR II

**THE TRIAL COURT ERRED BY OVERRULING AN OBJECTION TO THE PROSECUTOR'S STATEMENT THAT ASKED THE JURY, "YOU ALL UNDERSTAND THAT YOU'RE NOT GOING TO HOLD US TO SOME EVIDENCE WE DON'T HAVE?"**

{¶14} In his second assignment of error, Baker argues that the trial court erred by overruling defense counsel's objections to the prosector's statements during voir dire that amounted to prosecutorial misconduct. For the following reasons, this Court overrules Baker's second assignment of error.

{¶15} The Ohio Supreme Court has set forth the standard of review for claims of prosecutorial misconduct as follows:

> We review prosecutorial-misconduct allegations by considering "whether the prosecutors' comments 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" . . . The test is whether the conduct was improper and, if so, whether it prejudicially affected the defendant's substantial rights. . . . A judgment will not be reversed when it is clear beyond a reasonable doubt that absent the prosecutor's remarks, the jury would have found the defendant guilty. . . . Moreover, prosecutorial misconduct must be considered within the context of the entire trial.

*State v. Nicholson*, 2024-Ohio-604, ¶ 266. The Ohio Supreme Court has also explained that "[i]solated comments by a prosecutor are not to be taken out of context and given their most damaging meaning." *State v. Osie*, 2014-Ohio-2966, ¶ 170.

{¶16} Here, Baker argues that the prosecutor committed misconduct during voir dire when he stated:

> You all understand that you're not going to hold us to some evidence we don't have?
> . . .
>
> We want you to take the evidence, any evidence you're given and the judge says you can have, and you decide the facts. But we don't want you going oh, there should have been something else that I had.

Defense counsel objected to these statements, which the trial court overruled.

{¶17} On appeal, Baker characterizes the prosecutor's statements as telling the jury to "ignore holes" in the State's case, and that "it didn't matter if the prosecutor hadn't produced enough evidence to convict . . . ." Baker concludes that "[m]issing evidence was the crux of [his] defense at trial, and the prosecutor's improper remarks stating that missing evidence was not relevant were both improper and not harmless beyond a reasonable doubt."

{¶18} Having reviewed the record and analyzed the prosector's statements in the context the prosecutor made them, this Court concludes that the prosecutor's remarks were not improper. During voir dire, the prosecutor explained that real criminal investigations differ from what jurors may have seen on television shows like CSI. The prosecutor explained that shows like CSI depict inaccurate science, and present situations in which detectives solve crimes within 60 minutes. The prosecutor indicated that he did not want the jurors comparing a real criminal investigation to fictionalized versions jurors may have seen on television, nor to expect the detectives in this case to use the same investigative techniques seen on television.

{¶19} It was in the foregoing context that the prosecutor made the statements Baker challenges on appeal. Throughout voir dire, the prosecutor emphasized that the State had the burden of proving each element of an offense beyond a reasonable doubt. Yet Baker has taken the prosecutor's isolated comments out of context and given them their most damaging meaning. *See Osie*, 2014-Ohio-2966, at ¶ 170. Having reviewed the entire record, this Court concludes that the trial court did not err by overruling defense counsel's objections to the prosecutor's statements during voir dire because the statements were not improper. Baker's second assignment of error is overruled.

**ASSIGNMENT OF ERROR III**

**THE TRIAL COURT ERRED BY ORDERING IN THE ENTRY THAT PRISON TERMS IN THIS CASE RUN CONSECUTIVELY TO A SENTENCE IN ANOTHER CASE.**

{¶20} In his third assignment of error, Baker argues that the trial court erred by not stating at the sentencing hearing that his sentence for murder would run consecutively to his one-year sentence for the community control violation in the receiving-stolen-property case. For the following reasons, this Court disagrees.

{¶21} Under R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. "[A] trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry . . . ." *State v. Bonnell*, 2014-Ohio-3177, syllabus.

{¶22} Here, Baker has not argued that the trial court failed to make the required findings prior to imposing consecutive sentences. Nor has Baker argued that the record does not support the trial court's findings regarding consecutive sentences. Instead, Baker's argument is limited to his assertion that the trial court did not clarify at the sentencing hearing whether his sentence for murder would run consecutively to his one-year sentence for the community control violation in the receiving-stolen-property case, or vice versa.

{¶23} In response, the State argues that the sentencing entry clarified any ambiguity regarding the order in which Baker must serve his consecutive sentences. Specifically, the sentencing entry ordered "that the sentence imposed in this case be served CONSECUTIVELY to the sentence imposed in Case Number CR-2018-04-1287 [i.e., the receiving-stolen-property case]." Baker acknowledges this in his reply brief, but contends that the "problem is that at the convoluted joint sentencing hearing, the trial court did not make that determination."

**{¶24}** Baker's limited argument lacks merit. Baker has pointed this Court to no authority indicating that a trial court must set forth the order in which consecutive sentences must be served at the sentencing hearing. Additionally, this Court has stated that a "trial court does not err by not expressly setting forth the order for service of consecutive sentences as there are statutes and rules that govern the order of how sentences are to be served." *State v. Mundy*, 2016-Ohio-4685, ¶ 13 (9th Dist.); *accord State v. Johnson*, 2019-Ohio-4613, ¶ 34 (6th Dist.); *State v. McBride*, 2017-Ohio-891, ¶ 18 (11th Dist.); *State v. Jackson*, 2014-Ohio-2249, ¶ 44 (7th Dist.). Even if the failure to set forth the order of consecutive sentences constituted reversible error, Baker acknowledges in his reply brief that the sentencing entry clarified which consecutive sentence he would serve first. *See State v. Kish*, 2014-Ohio-699, ¶ 12 (8th Dist.). Consequently, Baker has failed to establish reversible error on appeal. Baker's third assignment of error is overruled.

III.

**{¶25}** Baker's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period

for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, J.
CONCURS.

CARR, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶26} I respectfully concur in judgment only as to Mr. Baker's third assignment of error. In his third assignment of error, Mr. Baker argues that the trial court at the sentencing hearing ordered that Mr. Baker's community control violation sentence of one year be served consecutively to his murder conviction, but did not then order the murder conviction to be served consecutively with the one-year community control violation sentence. Although there were two different cases that Mr. Baker had to be sentenced on, the two cases were set down for sentencing at the same time, in the same hearing, and by the same judge. The trial court indicated at the sentencing hearing that Mr. Baker's conviction for receiving stolen property involved "a different judge who transferred that case here so they would move along together . . . with the homicide." In this context, it is clear the trial court ordered that the sentences in both cases were to be served consecutive to each other. This was specifically delineated in the sentencing journal entry. Under

these circumstances, there was no error, let alone prejudicial error. I concur with the remainder of the majority opinion.

APPEARANCES:

STEPHEN P. HARDWICK, Assistant Public Defender, for Appellant.

ELLIOT KOLKOVICH, Proseucting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.