[Cite as *State v. Powell*, 2016-Ohio-5870.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 26935 |
| | : | |
| v. | : | T.C. NO. 99CR631 |
| | : | |
| CEDRIC E. POWELL | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

**O P I N I O N**

Rendered on the ___16th___ day of _____September_____, 2016.

. . . . . . . . . . .

MICHELE D. PHIPPS, Atty. Reg. No. 0069829, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
     Attorney for Plaintiff-Appellee

CEDRIC E. POWELL, Inmate #383-469, Ross Correctional Institute, P. O. Box 7010, Chillicothe, Ohio 45601
     Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

{¶ 1} Cedric E. Powell appeals, pro se, from a judgment of the Montgomery County Court of Common Pleas, which overruled his pro se Motion to Vacate and Correct a Void Sentence.

{¶ 2} For the following reasons, the judgment of the trial court will be affirmed.

### I. Facts and Procedural History

**{¶ 3}**  In 1999, Powell was convicted of rape, kidnapping, corruption of a minor, and multiple counts of felonious assault, pandering sexually-oriented material involving a minor, and illegal use of a minor in nudity-oriented material.  On direct appeal, we vacated three counts, which reduced his aggregate sentence to 21 years.  The details of these convictions and the issues appealed are not relevant here, but are set forth in *State v. Powell*, 2d Dist. Montgomery No. 18095, 2000 WL 1838716 (Dec. 15, 2000).  Powell subsequently sought postconviction relief and to vacate the order that he pay court costs; both types of relief were denied in the trial court, and we affirmed the trial court's judgments on appeal.  These issues are discussed in *State v. Powell*, 2d Dist. Montgomery No. 19685, 2003-Ohio-4430 (post-release control), and *State v. Powell*, 2d Dist. Montgomery No. 20857, 2006-Ohio-263 (court costs).

**{¶ 4}**  It is undisputed that, under the law as it currently exists, post-release control was improperly imposed at the time of Powell's original sentencing, because the mandatory nature of the term was not unequivocally stated; the judgment had stated that "the defendant will/may serve a period of post-release control."  In 2010, Powell, who was then represented by counsel, filed a "motion for resentencing to vacate a void sentence."  On January 6, 2011, shortly after the Supreme Court decided *State v. Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, Powell was resentenced in accordance with *Fischer*, which held that when a trial court errs in imposing a term of post-release control at sentencing, "that *part* of the sentence is void and must be set aside," but "res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence." *Fischer* at ¶

26, ¶ 40.

{¶ 5} At resentencing, the trial court informed Powell that he would be subject to "a full five years" of post-release control for the rape, the kidnapping, and the sexually-oriented offenses, and that he would be placed on "a full three years" of post-release control for the felonious assaults. "In response to a question by Powell, the trial court indicated that postrelease control is not served consecutively and that he faced a total mandatory postrelease control of five years." *State v. Powell*, 2d Dist. Montgomery No. 24433, 2014-Ohio-3842, ¶ 6. On January 10, 2011, the trial court filed an amended termination entry reflecting the reimposition of post-release control.

{¶ 6} On appeal from Powell's resentencing, we affirmed the trial court's imposition of post-release control, except with respect to the rape conviction, for which Powell had already served his sentence. We remanded for the trial court to file an amended judgment entry reflecting the vacation of post-release control for the count of rape. *Id.* at ¶ 30-31. The Second Amended Termination Entry was filed on September 16, 2014.

{¶ 7} On May 20, 2015, Powell filed a pro se Motion to Vacate and Correct a Void Sentence.[1] On October 29, 2015, the trial court overruled the motion.

## II. Arguments on Appeal

{¶ 8} Powell raises three assignments of error on appeal. For ease of discussion, Powell's arguments can be categorized as follows: 1) the trial court's

---

[1] This was the second such motion that Powell had filed. In 2013, while the appeal decided in 2014 was pending, Powell filed a pro se Motion to Vacate Void Judgment; the trial court found that it lacked jurisdiction to consider the motion due to the pending appeal. (Decision & Entry, Aug. 6, 2013).

judgment resentencing him on post-release control was improper and non- final, because it did not include all aspects of his sentence; 2) the trial court should have sua sponte corrected other aspects of his sentence (apart from the improper imposition of post-release control); 3) "consecutive sentences" were not properly imposed; 4) the trial court's judgment does not state whether post-release control is mandatory or discretionary; 5) the new sentence was imposed outside of Powell's presence; 6) a de novo resentencing hearing was required after our December 2010 remand to the trial court; and 7) the judgment entry on resentencing did not include findings of fact pursuant to R.C. 2929.14.

**{¶ 9}** In 2010, the Ohio Supreme Court held that, "when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside." (Emphasis sic.) *Fischer,* 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, at ¶ 26; *see also State v. Holdcroft,* 137 Ohio St.3d 526, 2013-Ohio-5014, 1 N.E.3d 382, ¶ 7. "In such situations, the void sanction 'may be reviewed at any time, on direct appeal or by collateral attack,' * * * but 'res judicata still applies to other aspects of the merits of a conviction, including the determination of guilt and the lawful elements of the ensuing sentence [.]' " *Holdcroft* at ¶ 7, quoting *Fischer* at ¶ 40.

**{¶ 10}** Pursuant to *Fischer*, Powell's January 2011 resentencing hearing was for the limited purpose of correcting a defect in the original judgment's imposition of post-release control; "only the offending portion of the sentence" – the part related to the imposition of post-release control – was subject to review and correction. *Id.* at ¶ 27. Res judicata applied to all other aspects of the conviction and sentence, including the determination of guilt and the lawful elements of the sentence. *Id.* at ¶ 34-36. *See also*

*State v. Wilson,* 2d Dist. Montgomery Nos. 24461, 24496, 24501, 2012-Ohio-1660, ¶ 19. Thus, Powell's arguments that the trial court should have sua sponte corrected other aspects of his sentence, that the consecutive sentences imposed in the original sentencing entry were not properly imposed, and that the trial court did not include findings of fact as required by R.C. 2929.14 are without merit. Those issues were clearly outside the scope of the matter properly before the trial court in January 2011.

{¶ 11} Likewise, *Fischer* and *Wilson* expressly refute Powell's argument that he was entitled to a de novo resentencing hearing in January 2011. *Fischer* at ¶ 17; *Wilson* at ¶ 19. This court also addressed and rejected this argument in *State v. Powell*, 2d Dist. Montgomery No. 24433 (Decision & Entry, January 7, 2014) (finding two other arguably meritorious issues for appeal in response to *Anders* filings, and appointing new appellate counsel); *see also State v. Powell*, 2d Dist. Montgomery No. 24433, 2014-Ohio-3842, ¶ 9-10.

{¶ 12} Further, contrary to the assertion in Powell's brief, the January 2011 sentence was imposed in Powell's presence. In fact, he was an active participant in the hearing and made extensive statements to the court; the revised post-release control sentences were imposed in his presence on that date. To the extent, if any, that Powell argues that the trial court was required to (re)address the other aspects of his sentence at the hearing, we note that *Fischer* does not support such an assertion.

{¶ 13} Next, Powell contends that the trial court's Amended Termination Entry, which was filed four days after his January 2011 resentencing hearing, was improper and "non-final," because it did not include all aspects of his sentence. The record refutes this argument. The Amended Termination Entry set forth Powell's sentences on all counts

of which he was convicted, the consecutive/concurrent natures of the respective sentences, his aggregate sentence, the requirement that he register as a sex offender, and definite terms of post-release control on multiple counts, as well as other information. Further, the Amended Termination Entry clearly stated that post-release control "will be" imposed; there was no uncertainty, as Powell suggests, as to whether the post-release control was mandatory or discretionary.

{¶ 14} Finally, we observe that, in some of Powell's arguments with respect to the improper imposition of consecutive sentences, it is unclear whether he refers to "consecutive sentences" in the traditional sense (e.g., the trial court ordered that he serve his sentences for rape, kidnapping, and corruption of a minor consecutively), or whether he interprets the imposition of post-release control as an additional sentence to be served "consecutively" (after) his prison sentences. Insofar as this may be his argument, we simply point out that post-release control is not imprisonment, but a period of supervision following a term of imprisonment; post-release control does not constitute a "consecutive sentence."

{¶ 15} The assignments of error are overruled.

### III. Conclusion

{¶ 16} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .

DONOVAN, P.J. and FAIN, J., concur.

Copies mailed to:

Michele D. Phipps
Cedric E. Powell

Hon. Dennis J. Langer