[Cite as *State v. Hogle*, 2017-Ohio-4096.]

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2016-CA-30 |
| | : | |
| v. | : | Trial Court Case No. 2013-CR-353 |
| | : | |
| MICHAEL A. HOGLE | : | (Criminal Appeal from |
| | : |  Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 2nd day of June, 2017.

. . . . . . . . . . .

ELIZABETH ELLIS, Atty. Reg. No. 0074332, 55 Greene Street, Xenia, Ohio 45502
        Attorney for Plaintiff-Appellee

ANDREA OSTROWSKI, Atty. Reg. No. 0075318, 20 S. Main Street, Springboro, Ohio
45066
        Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, P.J.

{¶ 1} Michael Hogle was indicted on October 4, 2013 for two counts of rape, in violation of R.C. 2907.02(A)(2), each a felony of the first degree; and one count of gross sexual imposition (GSI), in violation of R.C. 2907.05(A)(1), a felony of the fourth degree. He was found guilty of one count of rape (Count 2) and the GSI (Count 3) and not guilty of the other charge by a jury on June 11, 2014. On September 3, 2014, the trial court sentenced Hogle to three years imprisonment for the rape and eighteen months for the GSI. The trial court ordered that the sentences be served concurrently to one another, for an aggregate sentence of three years in prison. Hogle was also required to register as a Tier III sex offender. Hogle appealed his convictions and we affirmed on his direct appeal. *State v. Hogle*, 2d Dist. Greene No. 2014-CA-41, 2015-Ohio-2783.

{¶ 2}  On May 23, 2016 Hogle filed a Motion to Correct Sentence in the trial court. In that filing he asserted he was not challenging his convictions, but only his sentence. He argued that his September 3, 2014 "Judgment Entry (sentencing)" was incorrect for indicating that his sentences were mandatory. For count 2, the entry stated that the sentence imposed was 3 years "which is not a mandatory term," and the same terminology appears in the sentence for count 3. (Doc. #80). However, the entry also stated that his prison terms were designated to be served "concurrently for a total sentence of 3 years of which 3 years is mandatory."[1] He also contended that the entry was incorrect insofar as it stated that "the defendant may be eligible to earn days of credit" under R.C. 2967.193. He also complained that a mandatory term of 5 years of post-

---

[1] The sentencing entry is typewritten except the "3" where the number of mandatory years appears was handwritten after some other unreadable typewritten number in that space was crossed out.

release control was improperly imposed. Finally, Hogle noted that he was designated as a Tier III sex offender and the entry stated "The defendant is to register as a Tier III sexual offender" but the words "Tier I" were written in ink thereafter.

{¶ 3} The State filed a response to appellant's motion in which they argued that none of the issues raised in Hogle's motion were raised in his direct appeal and therefore they were now barred by res judicata. Even if res judicata did not apply, the State asserted, all of the sentencing terms were correct except whether the sentence for rape was a statutorily mandatory term. In that regard the State indicated on the record at sentencing the trial court correctly imposed a mandatory sentence for the rape conviction and the clerical error could be corrected by an amended entry.

{¶ 4} The transcript of the sentencing hearing reflects the court stated "So in regard to Count II, the Court will impose the mandatory prison sentence." (Transcript of Final Disposition at 16).

{¶ 5} On July 13, 2016, the court issued an Order and Entry "Upon Motion of the State of Ohio, and for good cause shown, the Defendant's Motion to Correct Sentence is hereby dismissed and the sentencing entry dated September 3, 2014 be amended to reflect Count 2 being a mandatory prison term." (Doc #111). Hogle appealed.

{¶ 6} Hogle's assigned appellate counsel filed a brief under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that "counsel cannot find any arguments with merit to raise with the Court." *Anders* Brief at 2. Counsel concludes the brief with a request for permission to withdraw. By order filed on January 31, 2017, we informed Hogle of the *Anders* filing and advised him of both his right to file his own brief and the time limit for doing so. Hogle has not filed anything, and the time for filing has

expired.

{¶ 7} Counsel does not suggest any potential assignments of error but does analyze the arguments that Hogle raised in the trial court motion. Initially counsel recognized that all of the issues Hogle raised could have been raised in his direct appeal, they were not, and he is therefore precluded from raising them now. Counsel correctly notes, contrary to Hogle's motion, that any conviction for rape requires a mandatory prison sentence. R.C. 2929.13(F)(2). Furthermore, his request that post-release control be designated as non-mandatory is contrary to R.C. 2967.28(B)(1), which makes post-release control of five years mandatory for any felony sex offense. In regard to the "Tier I" interlineation, counsel reasoned that the trial court correctly, although perhaps unclearly, designated Hogle as a Tier III registrant for the rape offense and a Tier I registrant for the GSI.

{¶ 8} We have performed our duty under *Anders* to conduct an independent review of the record. We thoroughly have reviewed the *Anders* brief that was filed along with the docket, the various filings, the sentencing transcript, and the sentencing entries and orders. We agree with counsel's assessment and references to statutory imperatives about Hogle's sentences. Any of the asserted errors in appellant's motion to correct sentence could have been raised in his direct appeal but they were not. He cannot raise any issues now regarding lawful elements of his sentence. *State v. Powell,* 2d Dist. Montgomery No. 26935, 2016-Ohio-5870, ¶9. The only portion of the sentencing entry that could even conceivably be subject to additional review is the inconsistent "not a mandatory term" and "of which 3 years is mandatory" language for the rape sentence which we address separately below. Because appellant's assertions in his motion could

have been raised in the direct appeal, they are barred by res judicata. We see no arguable merit to his appeal and consider it wholly frivolous.

{¶ 9} Even if we were to conclude that a challenge to the inconsistent "not a mandatory term" and "of which 3 years is mandatory" language is not barred by res judicata, we would still conclude this appeal has no arguable merit for several reasons. Statutorily a rape sentence is mandatory. R.C. 2929.13(F)(2). We note the "3 years is mandatory" phrase could only have referred to the 3 year rape sentence. The GSI sentence was only for 18 months and was not designated as mandatory. Our conclusion is also confirmed by the transcript of the sentencing where the Court imposed the rape sentence as mandatory. The trial court has corrected the inconsistent language error in the entry. Crim.R. 36 provides that clerical mistakes in judgments may be corrected at any time. A nunc pro tunc entry may be used to correct a judgment by making it reflect what actually happened. *State v. Lester*, 130 Ohio St.3d 303, 2011–Ohio–5204, 958 N.E.2d 142, ¶ 20. Considering each of these factors we find no arguable merit of the appeal of the trial court's resolution of Hogle's motion.

{¶ 10} We have found no non-frivolous issues for review. Counsel's motion to withdraw is granted. Accordingly, the judgment of the Greene County Common Pleas Court is affirmed.

. . . . . . . . . . . .

FROELICH, J. and TUCKER, J., concur.

Copies mailed to:

Elizabeth Ellis
Andrew Ostrowski

Michael Hogle
Hon. Stephen Wolaver